UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KENNETH LEAR,                                                                              Case No.

                        Plaintiff,
     v.                                                                                                      **COMPLAINT**

ROYAL CARIBBEAN CRUISES LTD., d/b/a
ROYAL CARIBBEAN INTERNATIONAL.,
GREGORY BROWN, individually,
ROBERT KING, individually, and
GRISEL GARCIA RODRIGUEZ, individually,

                        Defendants.

-----------------------------------------------------------------X

       Plaintiff, KENNETH LEAR, through his counsel, Derek Smith Law Group, PLLC, brings this action against Defendants ROYAL CARIBBEAN CRUISES LTD., d/b/a ROYAL CARIBBEAN INTERNATIONAL., (hereinafter referred to as "ROYAL CARIBBEAN"), GREGORY BROWN (hereinafter referred to as " GREGORY"), ROBERT KING (hereinafter referred to as "ROBERT"), and GRISEL GARCIA RODRIGUEZ (hereinafter referred to as "GRISEL") (hereinafter collectively referred to as "Defendants"), upon information and belief, as follows:

## NATURE OF CASE

1. Plaintiff complains pursuant to the Americans with Disabilities Act of 1990 ("ADA"), as amended, and to remedy violations of the laws of the State of New York, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff suffered as a result of, inter alia, disability discrimination, together with being subjected to a hostile work environment, retaliation, and wrongful termination by Defendants.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C §1343 and pendent jurisdiction thereto, as this case involves a Federal Question under the Americans with Disabilities Act ("ADA").

3. 28 U.S.C. § 1331 states that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

4. Additionally, this Court has supplemental jurisdiction over the State law causes of action herein pursuant to 28 U.S.C. § 1367 and United Mine Workers of America v. Gibbs, 383 U.S. 715 (1996).

5. Venue is proper in this District based upon the fact that the events or omissions which gave rise to the claims asserted herein occurred within the Southern District of New York.

6. The EEOC mailed a Right to Sue Letter to Plaintiff on March 19, 2020.

7. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

**PARTIES**

8. At all material times, Plaintiff KENNETH LEAR (hereinafter also referred to as "LEAR," or "Plaintiff") residing in the State of New York, County of New York.

9. At all material times, Defendant ROYAL CARIBBEAN CRUISES LTD., d/b/a ROYAL CARIBBEAN INTERNATIONAL (hereinafter also referred to as "ROYAL CARIBBEAN," or "Defendant") is a foreign business corporation duly existing by the virtue and laws of the Country of Liberia that does business in the State of New York.

10. At all times material, ROYAL CARIBBEAN is a Florida based international cruise line company operating dozens of commercial cruise ships across the world. ROYAL has 21.9% of the worldwide cruise market.

11. At all times material, GREGORY BROWN (hereinafter referred to as "BROWN") was and is a Casting Assistant for ROYAL CARIBBEAN. BROWN held supervisory authority over Plaintiff, controlling many of Claimant's job duties. BROWN held the power to hire and fire Plaintiff.

12. At all times material, ROBERT KING (hereinafter referred to as "KING") was and is a Casting Director for ROYAL CARIBBEAN. KING held supervisory authority over Plaintiff, controlling many of Plaintiff's job duties. KING held the power to hire and fire Plaintiff.

13. At all times material, KING was included on all communications between Plaintiff and BROWN.

14. At all times material, GRISEL GARCIA RODRIGUEZ (hereinafter referred to as "RODRIGUEZ") was and is a Nurse Specialist for ROYAL CARIBBEAN. RODRIGUEZ held supervisory authority over Plaintiff, including the power to hire and fire Plaintiff.

15. Upon information and belief, at all times relevant to this Complaint, Defendants meet the definition of an "employer" under all applicable state and local statutes.

16. Upon information and belief, at all times relevant to this Complaint, Defendants had over fifteen (15) employees).

## STATEMENT OF FACTS

17. In or around March 2018, BROWN offered Plaintiff a position working for ROYAL CARIBBEAN as a Singer on a ROYAL CARIBBEAN cruise ship, the Radiance of the Seas (hereinafter referred to as "The Ship").

18. During this conversation, Plaintiff informed BROWN that he was HIV positive, and BROWN told Plaintiff, "I don't anticipate this will be an issue."

19. In or around March 2018, ROYAL CARIBBEAN and Plaintiff entered into a contract for Plaintiff to receive $5,000.00 per month, plus a $525.00 per month bonus, in exchange for Plaintiff singing on the ship from July 7, 2018, through May of 2019.

20. In or around April 2018, Plaintiff asked BROWN about the required medical exam and in response, BROWN referred Plaintiff to RODRIGUEZ.

21. On or about April 25, 2018, RODRIGUEZ informed Plaintiff that in order to meet the minimum guidelines for ROYAL CARIBBEAN, Plaintiff's CD4 count needed to be above 350 and his viral load needed to be undetectable. Plaintiff was shocked and concerned by this news as being HIV positive could cause him to have a lower CD4 count or in the alternative a higher viral load.

22. In or around May 2018, ROYAL required Plaintiff to have blood work performed. Plaintiff conceded to ROYAL CARIBBEAN's request and had bloodwork done by DR. JASON KINDT (hereinafter referred to as "DR. KINDT") at Mount Sinai Medical Center.

23. In or around May 2018, Plaintiff discovered his CD4 count was 364 and his viral load was 90. Plaintiff conveyed his CD4 count and viral to RODRIGUEZ.

24. On or about May 31, 2018, RODRIGUEZ informed Plaintiff that his viral load did "not meet the guidelines" for ROYAL CARIBBEAN and Plaintiff would "not be able to move forward with the medical clearance process."

25. Defendant ROYAL CARIBBEAN discriminated against and terminated Plaintiff on the basis of his disability.

26. On or about June 1, 2018, Plaintiff updated BROWN with the distressing information. BROWN responded, "I'm sorry to hear that you won't be joining us for our upcoming RD cast. I wish you the best in your future endeavors."

27. Defendants discriminated against and terminated Plaintiff because of his disability.

28. The above are just some of the examples of unlawful discrimination and retaliation to which the Defendants subjected Plaintiff.

29. Plaintiff claims that Defendants' discriminated against and terminated Plaintiff because of his disability and because he complained or opposed the unlawful conduct of Defendants related to the above protected classes.

30. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

31. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

32. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured unwarranted financial hardships and irreparable damage to his professional reputation.

33. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, tips, benefits and other compensation which such employment without unlawful discrimination entails. Plaintiff

has also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any pre-existing condition.

34. As Defendants' conduct has been malicious, reckless, willful, outrageous, and conducted with full knowledge of the law, Plaintiff will demand punitive damages against the Defendants, jointly and severally.

35. Plaintiff claims alternatively (in the event Defendants Claim so or that the Court determines) that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors.

36. Plaintiff also seeks reinstatement.

### AS A FIRST CAUSE OF ACTION
### FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT
### [NOT AGAINST INDIVIDIUAL DEFENDANTS]

37. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

38. Plaintiff claims Defendant ROYAL CARIBBEAN violated Title I of the Americans with Disabilities Act of 1990 (Pub.L.101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

39. SEC.12112. [Section 102] specifically states "(a) General Rule - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of

employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

40. Defendant ROYAL CARIBBEAN violated the section cited herein by creating and maintain discriminatory working conditions, and otherwise discriminating and retaliating against the Plaintiff because of his disability.

41. Plaintiff hereby makes a claim against Defendant ROYAL CARIBBEAN under all of the applicable paragraphs of the ADA.

42. Defendants ROYAL CARIBBEAN violated the above and Plaintiff suffered numerous damages as a result.

### AS A SECOND CAUSE OF ACTION: FOR RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT [NOT AGAINST INDIVIDUAL DEFENDANTS]

43. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

44. Plaintiff claims Defendant ROYAL CARIBBEAN violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

45. SEC. 12203. [Section 503] states, "(a) Retaliation. – No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."

46. Defendant ROYAL CARIBBEAN engaged in unlawful employment practice prohibited by the above statute, by retaliating against Plaintiff with respect to the terms, conditions or

privileges of his employment because of his opposition to the unlawful employment practices of Defendant ROYAL CARIBBEAN.

47. Defendant ROYAL CARIBBEAN violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## NEW YORK STATE LAW
## [AGAINST ALL DEFENDANTS]

48. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

49. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

50. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his disability and fostering a hostile work environment.

51. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

52. Defendants violated the above and Plaintiff has suffered numerous damages as a result.

## AS A FOURTH CAUSE OF ACTION
## FOR RETALIATION
## UNDER NEW YORK STATE LAW
## [AGAINST ALL DEFENDANTS]

53. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

54. New York State Executive Law § 296 (7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

55. Defendants engaged in an unlawful practice by retaliating against Plaintiff with respect to the terms, conditions, or privileges of employment because of Plaintiff's opposition to the unlawful practices of Defendants.

56. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law § 296.

57. Defendants engaged in an unlawful practice wrongfully retaliating against Plaintiff.

58. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A FIFTH CAUSE OF ACTION: AIDING AND ABETTING
## UNDER NEW YORK STATE LAW
## [AGAINST ALL DEFENDANTS]

59. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this complaint.

60. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

61. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory and retaliatory behavior as stated herein.

62. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## [AGAINST ALL DEFENDANTS]

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

64. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

65. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions and a hostile work environment, and otherwise discriminating against the Plaintiff because of Plaintiff's disability.

66. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

67. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SEVENTH CAUSE OF ACTION
## FOR RETALIATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## [AGAINST ALL DEFENDANTS]

68. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

69. The New York City Administrative Code Tide 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

70. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(1) (e) by retaliating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

71. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS AN EIGHTH CAUSE OF ACTION
## FOR AIDING AND ABETTING UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## [AGAINST ALL DEFENDANTS]

72. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

73. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

74. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

75. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A NINTH CAUSE OF ACTION
## FOR INTERFERENCE UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## [AGAINST ALL DEFENDANTS]

76. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

77. Section 8-107(19), entitled "Interference with protected rights" provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

78. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A TENTH CAUSE OF ACTION
## FOR SUPERVISOR LIABILITY UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## [AGAINST ALL DEFENDANTS]

79. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

80. Section 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides "An employer shall be liable for an unlawful

discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section." b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

81. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests a judgment against the Defendants jointly and severally for all damages including compensatory, emotional distress, statutory, punitive damages, attorneys fees and costs in an amount to be determined at the time of trial and awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful conduct.

## **JURY DEMAND**

Plaintiff requests a jury trial on all issues to be tried.

Dated:   June 17, 2020
         New York, New York

                                                               Respectfully Submitted,

                                                               **DEREK SMITH LAW GROUP, PLLC**
                                                               Attorneys for Plaintiff

                                                               /s/ Ishan Dave
                                                               Ishan Dave, Esq.
                                                               1 Pennsylvania Plaza, Suite 4905
                                                               New York, New York 10119
                                                               (212) 587-0760
                                                               Ishan@dereksmithlaw.com