UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ------------------------------------------------- | : | Hon. Gregory H. Woods, U.S.D.J. |
| KENNETH LEAR, | : | Case No. 1:20-cv-04660-GHW |
| | : | |
|         Plaintiff, | : | |
| v. | : | |
| | : | |
| ROYAL CARIBBEAN CRUISES LTD., | : | |
| d/b/a ROYAL CARIBBEAN | : | |
| INTERNATIONAL, GREGORY BROWN, | : | |
| individually, ROBERT KING, individually, | : | |
| and GRISEL GARCIA RODRIGEZ, | : | |
| individually | : | |
|         Defendants. | : | |
| ------------------------------------------------- | : | |

---

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS

---

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Telephone: (973) 656-1600
Facsimile: (973) 656-1611
Attorneys for Defendants
Royal Caribbean Cruises LTD, Gregory Brown,
Robert Kling (i/s/a Robert King) and Grisel
Garcia Rodriguez

On the Brief:
    Steven J. Luckner

## TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

LEGAL ARGUMENT .......................................................................................................... 2

STANDARD OF REVIEW ................................................................................................... 2

POINT I
THE COURT LACKS JURISDICTION OVER DEFENDANTS ........................................... 3

    A.  The Court Does Not Have Jurisdiction Over RCCL or The Individual Defendants
        Under New York's Long-Arm Statute .......................................................................... 4

        1.  RCCL and the Individual Defendants are not Subject to Jurisdiction Under
            C.P.L.R. 302(a)(1) ................................................................................................. 5

            a.  None of Plaintiff's claims arise from any business transacted by the Individual
               Defendants in New York ............................................................................... 6

            b.  RCCL does not transact business in New York ................................................... 6

            c.  None of Plaintiff's claims arise from any business transacted by RCCL in New
               York ............................................................................................................... 7

        2.  RCCL is not Subject to Jurisdiction Under C.P.L.R. 302(a)(2) .................................. 9

        3.  RCCL is not Subject to Jurisdiction Under C.P.L.R. 302(a)(3) ................................ 10

        4.  RCCL is not Subject to Jurisdiction Under C.P.L.R. 302(a)(4) ................................ 10

POINT II
EXERCISING PERSONAL JURISDICTION OVER  RCCL WOULD VIOLATE
THE DUE PROCESS CLAUSE OF THE CONSTITUTION .................................................. 11

    A.  RCCL Does Not Have the Requisite Minimum Contacts With New York to
        Satisfy the Due Process Analysis ................................................................................. 12

    B.  It would Not be Reasonable for a New York Court to Exercise Jurisdiction
        Over RCCL ................................................................................................................ 13

POINT III
IN THE ALTERNATIVE, IF THE COMPLAINT IS NOT DISMISSED FOR LACK OF
JURISDICTION, THE MATTER SHOULD BE TRANSFERRED TO THE DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF FLORIDA .................................................. 14

CONCLUSION ................................................................................................................. 15

# TABLE OF AUTHORITIES

PAGE(S)

CASES

*Andy Stroud, Inc. v. Brown*,
  2009 LEXIS 18725 (S.D.N.Y. Mar. 4, 2009) ......................................................................8

*Asahi Metal Industry Co., Ltd. v. Superior Court of CA*,
  480 U.S. 102 (1987)............................................................................................................13

*Bensusan Rest. Corp. v. King*,
  126 F.3d 25 (2d Cir. 1997)..................................................................................................9

*Best Van Lines v. Walker*,
  490 F.3d 239 (2d Cir. 2007)........................................................................................2, 3, 5

*BNSF Railway Co., v. Tyrrell*,
  137 S.Ct. 1549 (2017).........................................................................................................12

*Brown v. Lockheed Martin Corp.*,
  814 F.3d 619 (2d Cir. 2016)................................................................................................3

*Brown v. Web.com Group, Inc.*,
  57 F. Supp. 3d 345 (S.D.N.Y.2014)...................................................................................12

*City of Pontiac Gen Emp. Ret. Sys. v. Dell Inc.*,
  2015 WL 12659925 (S.D.N.Y. Apr. 30, 2015)..................................................................14

*Daimler AG v. Bauman*,
  134 S.Ct. 746 (2014)...........................................................................................................12

*DH Servs., LLC v. Positive Impact, Inc.*,
  2014 LEXIS 14753, 2014 WL 496875 (S.D.N.Y. Feb. 5, 2014) .........................................3

*DirectTV Latin America, LLC v. Park 610, LLC*,
  691 F. Supp. 2d 405 (S.D.N.Y. 2010)..................................................................................9

*Elsevier, Inc. v. Grossman*,
  77 F. Supp. 3d 331 (S.D.N.Y. 2015)...................................................................................10

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011)............................................................................................................12

*Herbert Ltd. P'ship v. Elect Arts Inc.*,
  325 F. Supp. 2d 282 (S.D.N.Y. 2004).................................................................................14

*Ikeda v. J. Sisters 57, Inc.*,
  2015 WL 4096255 (S.D.N.Y. 2015)..................................................................12

*Int'l Shoe Co. v. Wash.*,
  326 U.S. 310 (1945)..........................................................................................11

*Interface Biomedical Lab. Corp. v. Axiom Medical, Inc.*,
  600 F. Supp. 731 (E.D.N.Y. 1985) ....................................................................4

*Klonis v. Nat. Bank of Greece, S.A.*,
  492 F. Supp. 2d 293 (S.D.N.Y. 2007)..............................................................5, 6

*Lancaster v. Colonial Motor Freight Line, Inc.*,
  581 N.Y.S.2d 283 (1st Dept. 1992) ..................................................................10

*In re Magnetic Audiotape Antitrust Litig.*,
  334 F.3d 204 (2d Cir. 2003)................................................................................2

*Minnie Rose LLC v. Yu*,
  169 F. Supp. 3d 504 (S.D.N.Y. 2016)..............................................................2, 3

*NuMSP, LLC v. St. Etienne*,
  2020 LEXIS 90794 (S.D.N.Y. May 5, 2020) .....................................................3

*Pablo Start Ltd. v. Welsh Gov't.*,
  170 F. Supp. 3d 597 (S.D.N.Y. 2016)................................................................2

*Paterno v. Laser Spine Inst.*,
  24 N.Y.3d 370 (2014) ........................................................................................5

*Reich v. Lopez*,
  38 F. Supp. 3d 436 (S.D.N.Y. 2014)..................................................................2

*Schottenstein v. Schottenstein*,
  2004 WL 2534155 (S.D.N.Y. Nov. 8, 2004) ....................................................11

*Skrodzki v. Marcello*,
  810 F. Supp. 2d 501 (E.D.N.Y. 2011) ...............................................................2

*Sonera Holding B.V. v. Cukurova Holding A.S.*,
  750 F.3d 221 (2d Cir. 2014)....................................................................3, 11, 12

*SPCA of Upstate New York, Inc. v. American Working Collie Ass'n.*,
  18 N.Y. 3d 400 (2012) .......................................................................................5

*State Farm Fire & Casualty Co. v. Swizz Style, Inc.*,
  2017 WL 1134766 (S.D.N.Y. March 23, 2017) .................................................3

*Steck v. Santander Consumer USA Holdings Inc.*,
  2015 WL 3767445 (S.D.N.Y. June 17, 2015) ......................................................15

*In re Stillwater Min. Co. Sec. Litig.*,
  2003 WL 21087953 (S.D.N.Y. May 12, 2003) ....................................................14

*Sunward Elecs., Inc. v. McDonald*,
  362 F.3d 17 (2d Cir. 2004)..................................................................................4

*Tannerite Sports, LLC v. NBCUniversal Media LLC*,
  135 F. Supp. 3d. 219 (S.D.N.Y. 2015)................................................................2

*Three Five Compounds, Inc. v. Scram Techs. Inc.*,
  2011 WL 5838697, (S.D.N.Y. Nov. 21, 2011) ....................................................8

*Vista Food Exch., Inc. v. Champion Foodservice, L.L.C.*,
  2014 LEXIS 108145, (S.D.N.Y. Aug. 4, 2014) ..................................................8

*Wiwa v. Royal Dutch Petroleum Co.*,
  226 F.3d 88 (2d Cir. 2000)..................................................................................8

## RULES

Fed. R. Civ. P. 4(k) ......................................................................................................2

## STATUTES

28 U.S.C. § 1291(b) ....................................................................................................14

28 U.S.C. § 1291(b)(1) ................................................................................................14

28 US.C. § 1404(a) ......................................................................................................14

## OTHER AUTHORITIES

N.Y. C.P.L.R § 302(a) ................................................................................................4

N.Y. C.P.L.R. 302(a)(1)..............................................................................................12

N.Y. C.P.L.R. § 302(a)(4)........................................................................................3, 10

## PRELIMINARY STATEMENT

Plaintiff, Kenneth Lear ("Plaintiff") brings this employment discrimination action against Royal Caribbean Cruises Ltd. ("RCCL"), Gregory Brown, Robert Kling i/s/a Robert King, and Grisel Garcia Rodriguez (collectively the "Individual Defendants") in the Southern District of New York related to employment which was not located in New York.

As the Court will see, while Plaintiff alleges to have resided in New York, he applied for, and was contingently offered, a job which was to begin with training in the State of Florida, followed by being flown to Alaska to board a cruise ship where Plaintiff would perform as part of a musical act for the next nine months while the ship sailed throughout the South Pacific.  At no time was Plaintiff, or the ship upon which he was performing, scheduled to be in New York.

None of the Individual Defendants, all employees of RCCL, who dealt with Plaintiff during his pre-employment period, either resides in New York, works in New York or even travelled to New York as part of the pre-employment process. Indeed, none of the Individual Defendants has ever met Plaintiff.  Yet, Plaintiff has sued these individuals in New York without even attempting to allege a basis for jurisdiction over them in New York.  Furthermore, Plaintiff has commenced this action in New York against RCCL, a foreign corporation, which has no offices in New York, no facilities in New York, no telephone listing in New York, no mailing address in New York, no bank account in New York, and no property in New York.  In fact, other than Plaintiff applying for a job with RCCL while he allegedly resided in New York, there is absolutely no connection between this action and the State of New York.

As such, this action against RCCL and the Individual Defendants should be dismissed for lack or jurisdiction, or in the alternative, transferred to the District Court for the District of Southern Florida.

## LEGAL ARGUMENT

## STANDARD OF REVIEW

In opposing a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of proving personal jurisdiction by a preponderance of the evidence. *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003); *Tannerite Sports, LLC v. NBCUniversal Media LLC*, 135 F. Supp. 3d 219, 228 (S.D.N.Y. 2015). To meet this burden, the plaintiff must plead facts sufficient to establish a *prima facie* showing of jurisdiction. *Best Van Lines v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007); *Minnie Rose LLC v. Yu*, 169 F. Supp. 3d 504, 512 (S.D.N.Y. 2016). A *prima facie* case for personal jurisdiction involves three elements: "(1) proper service of process upon the defendant; (2) a statutory basis for personal jurisdiction; and (3) accordance with constitutional due process principles." *Reich v. Lopez,* 38 F. Supp. 3d 436, 454 (S.D.N.Y. 2014) (citations and internal quotation marks omitted); *Pablo Start Ltd. v. Welsh Gov't.*, 170 F. Supp. 3d 597, 605 (S.D.N.Y. 2016).

The plaintiff may not rely on conclusory non-fact-specific jurisdictional allegations to overcome a motion to dismiss. *Minnie Rose LLC,* 169 F. Supp. 3d at 512. Nor is the Court required to accept as true allegations controverted by the defendant's affidavits. *Pablo Start Ltd.,* 170 F. Supp. 3d at, 605. When a defendant rebuts the plaintiff's unsupported allegations with direct, highly specific, testimonial evidence regarding a fact essential to jurisdiction, and the plaintiff does not counter that evidence, the allegation may be deemed refuted.[1] *Id.*

A federal court may assert personal jurisdiction over a non-resident defendant only to the extent permissible under the law of the forum state where the district court is located. Fed. R. Civ. P. 4(k). In New York, the Court must first determine whether personal jurisdiction is

---

[1] In deciding a motion to dismiss for lack of personal jurisdiction, the Court may rely upon materials that are outside the pleadings, including any affidavits submitted by the parties. *See Skrodzki v. Marcello*, 810 F. Supp. 2d 501, 507 (E.D.N.Y. 2011).

appropriate pursuant to the State's long-arm jurisdiction statute, Civil Practice Law and Rules ("C.P.L.R.")  § 302(a). *Minnie Rose LLC,* 169 F. Supp. 3d at 512; *see also Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 625 (2d Cir. 2016).  Personal jurisdiction is analyzed under a two-step inquiry. First, the Court must determine whether the exercise of personal jurisdiction is proper under the laws of the forum state—here, New York. *Best Van Lines, Inc.*, 490 F.3d at 242. If so, the Court must then determine "whether the exercise of personal jurisdiction over the defendant comports with the Due Process Clause of the United States Constitution." *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014). Where a court finds that jurisdiction is lacking under the laws of the forum state, it need not address whether it would be consistent with federal due process requirements. *NuMSP, LLC v. St. Etienne*, 2020 LEXIS 90794, at *18 (S.D.N.Y. May 5, 2020); *See also, DH Servs., LLC v. Positive Impact, Inc.*, 2014 LEXIS 14753, 2014 WL 496875, at *2 (S.D.N.Y. Feb. 5, 2014).

For the reasons set forth below, Plaintiff cannot satisfy his burden of demonstrating a statutory basis for jurisdiction over RCCL or the Individual Defendants, nor can Plaintiff demonstrate that exercising jurisdiction over RCCL or the Individual Defendants comports with the requirements of the Due Process Clause. Accordingly, Plaintiff's claims against all Defendants must be dismissed.

## POINT I

## THE COURT LACKS
## JURISDICTION OVER DEFENDANTS

In New York, long-arm jurisdiction is governed by N.Y. C.P.L.R § 302(a).  Under Section 302(a)(1)-(4) (*i.e.* New York's "long-arm" statute), there are four varieties of activities that can subject a foreign defendant to jurisdiction in New York.  *State Farm Fire & Casualty Co. v. Swizz Style, Inc.*, 2017 WL 1134766, *4 (S.D.N.Y. March 23, 2017). Under New York's

long-arm statute, "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent: (1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or (2) commits a tortious act within the state . . .; or (3) commits a tortious act without the state causing injury to person or property within the state, . . . if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or (4) owns, uses or possesses any real property situated within the state." N.Y. C.P.L.R. § 302(a).  Further, Plaintiff must prove jurisdiction exists over Defendants on *each* claim in order to maintain suit against Defendants for that claim. *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004); *See also, Interface Biomedical Lab. Corp. v. Axiom Medical, Inc.*, 600 F. Supp. 731, 734 (E.D.N.Y. 1985) ("The court must "determine the issue of personal jurisdiction separately for each cause of action asserted in the plaintiff's complaint").

### A. The Court Does Not Have Jurisdiction Over RCCL or The Individual Defendants Under New York's Long-Arm Statute

Here, Plaintiff has asserted ten claims against RCCL and the Individual Defendants[2]: Count 1 (discrimination under the ADA); Count 2 (retaliation under the ADA); Count 3 (Discrimination under the NYSHRL); Count 4 (retaliation under the NYSHRL); Count 5 (aiding and abetting under the NYSHRL); Count 6 (discrimination under the NYCHRL); Count 7 (retaliation under the NYCHRL);  Count 8 (aiding and abetting under the NYCHRL); Count 9 (interference under the NYCHRL); and Count 10 (supervisor liability under the NYCHRL).

---

[2] It appears that only Counts three through ten are asserted against the Individual Defendants.

Plaintiff cannot establish jurisdiction over RCCL or the Individual Defendants under Section 302(a) for any of these claims.

1. **RCCL and the Individual Defendants are not Subject to Jurisdiction Under C.P.L.R. 302(a)(1)**

To determine the existence of jurisdiction under Section 302(a)(1), the Court must decide: (1) whether the defendant transacts any business in New York and, if so, (2) whether the cause of action arises from the business that is transacted in New York. *Best Van Lines, Inc.,* 490 F.3d at 248.  In order to demonstrate that a foreign defendant is transacting business in New York, the defendant must engage in some purposeful activities within the State that would justify bringing it before the New York courts. *SPCA of Upstate New York, Inc. v. American Working Collie Ass'n.*, 18 N.Y. 3d 400, 406 (2012).  The question is whether, "on his or her own initiative[,] the non-domiciliary projects himself or herself into this state to engage in a sustained and substantial transaction of business" and whether the non-domiciliary "seeks out and initiates contact with New York, solicits business in New York, and establishes a continuing relationship." *Paterno v. Laser Spine Inst.,* 24 N.Y.3d 370, 377 (2014).  To satisfy the second prong, there must be an "articulable nexus" between the business transacted and the cause of action sued upon. *SPCA of Upstate New York,* 18 N.Y. 3d at 404. Phrased differently, there must be a "substantial relationship" between the purposeful activities and the transaction out of which the cause of action arose. *Id.*  There is no precise test for transacting business in the state, and courts must look to the aggregate of the corporation's activities in the State. *See Klonis v. Nat. Bank of Greece, S.A.*, 492 F. Supp. 2d 293, 300 (S.D.N.Y. 2007).  There are, however, several traditional factors that courts consider, including: whether the company has an office in the state, whether it has any bank accounts or other property in the state, whether it has a phone listing in the state, whether it does public relations work there, and whether it has individuals permanently

located in the state to promote its interests. *Id.*

Here, Plaintiff cannot establish that RCCL "transacted any business" within New York, and certainly not any business that relates to any of the causes of action against RCCL.

      a.   None of Plaintiff's claims arise from any business transacted by the Individual Defendants in New York

Plaintiff is hard pressed to argue that New York's long-arm statute provides the Court with personal jurisdiction over the Individual Defendants. It is undisputed that the Individual Defendants are all Florida residents. *See,* accompanying Declarations of Gregory Brown, Robert Kling and Grisel Garcia Rodriguez. Indeed, Plaintiff does not attmept to allege otherwise in the Complaint. The Individual Defendants have made clear that they have no connections whatsoever to the state of New York. For instance, all Individual Defendants assert that they have been domiciled in Florida at all relevant times, that they never traveled to New York to conduct business, that they have never met Plaintiff, and that all communication, if any, with Plaintiff in New York was done via either phone or electronic mail. *See,* accompanying Declarations of Gregory Brown, Robert Kling and Grisel Garcia Rodriguez. There are no allegations in the Complaint to contradict any of these assertions, and as such Plaintiff has failed to allege or set forth any facts to establish that these Individual Defendants have availed themselves of the New York forum in any way.  The action against the Individual Defendants should be dismissed as this Court lacks jurisdiction over them.

      b.   RCCL does not transact business in New York

It is undisputed that RCCL is not incorporated in this state and it does not maintain its principal place of business here. *See,* Complaint ¶¶ 9 and 10.  Counts 1 through 10 of Plaintiff's Complaint assert various claims against RCCL connected to Plaintiff's application and recruitment for employment with RCCL. However, Plaintiff cannot show that RCCL transacted

any business in New York, and certainly no business in New York relating to these claims. Specifically, RCCL, which is a publicly traded corporation organized under the laws of Liberia with its principal place of business in Florida:

- Does not have any facilities in New York;

- Does not have any offices in New York;

- Does not maintain any telephone listings in New York;

- Does not maintain any mailing addresses in New York;

- Does not own any property in New York;

- Does not rent any property in New York;

- Does not have any bank accounts in New York;

- Does not design any products in New York;

- Does not manufacture any goods in New York;

- Does not sell any goods in New York; and

*See* Hurtado Dec., ¶¶ 2-11.

As such, Plaintiff is unable to establish the first prong of the test to satisfy New York's long-arm statute and establish jurisdiction for this court.

   c.   None of Plaintiff's claims arise from any business transacted by RCCL in New York

It also cannot be disputed that there was no intention for Plaintiff to ever be employed in the State of New York. As the proposed employment documents show, once hired, Plaintiff was to fly to Florida for rehearsal training. *See* Kling Dec., ¶ 10; Hurtado Dec., Ex. B. Following completion of rehearsal training, he was to be flown to Alaska to board the Radiance of the Seas, to perform on the ship for a nine month period. *See* Kling Dec., ¶ 11. At no time was it ever

contemplated that Plaintiff was to be employed in the State of New York. *See* Hurtado Dec., Ex. A and B.

Rather than attempt to show any continuous and systematic course of business by RCCL in New York through specific factual averments, Plaintiff simply alleges in conclusory fashion that the Court has jurisdiction over RCCL as a result of alleged "events or omissions which gave rise to the claims asserted herein occurred within the Southern District of New York" and that RCCL "does business in the State of New York."  *See* Complaint, ¶¶ 5 and 9.  Plaintiff gives no examples of RCCL's alleged "business activities" in New York. It appears that Plaintiff's sole basis for attempting to confer jurisdiction over RCCL in New York, although not even alleged in the Complaint, are telephone calls that the non-New York resident Individual Defendants had with Plaintiff during his recruitment. Simply engaging in phone conversations with a prospective employee in New York is woefully insufficient to establish jurisdiction over a non-domiciliary.[3] *See, Three Five Compounds, Inc. v. Scram Techs. Inc.*, 2011 WL 5838697, at *14 (S.D.N.Y. Nov. 21, 2011) ("Telephone calls and correspondence sent into New York, by a non-domiciliary defendant who is outside New York, generally are insufficient to establish personal jurisdiction."); *Andy Stroud, Inc. v. Brown*, 2009 LEXIS 18725 at *8 (S.D.N.Y. Mar. 4, 2009) ("The mere existence of defendant's telephone conversations into New York are not sufficient to sustain New York long arm jurisdiction.") *Vista Food Exch., Inc. v. Champion Foodservice, L.L.C.*, 2014 LEXIS 108145, at *15 (S.D.N.Y. Aug. 4, 2014) ("Telephone calls and other communications to New York, standing on their own, however, do not necessarily confer

---

[3] To the extent Plaintiff may allege that jurisdiction is appropriate because shares of RCCL are traded on the New York Stock Exchange, it is well settled that the mere listing on the NYSE is insufficient for the Court to exercise general jurisdiction over a defendant.  *See Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 97 (2d Cir. 2000) ("the prevailing case law accords foreign corporations substantial latitude to list their securities on New York-based stock exchanges and to take the steps necessary to facilitate those listings (such as making SEC filings and designating a depository for their shares) without thereby subjecting themselves to New York jurisdiction for unrelated occurrences").

jurisdiction.") The simple fact is that all the communications between Plaintiff and representatives of RCCL occurred over telephone or via e-mail and that none of the representatives of RCCL were located in the State of New York. *See* Brown Dec.; *See* Kling Dec.,; *See* Rodriguez Dec. Indeed, the only activity relating to Plaintiff's proposed employment that took place in New York, was his pre-employment physical. *See,* Complaint ¶ 22. Even this activity was not conducted directly by RCCL, but rather, RCCL provided Plaintiff a list of locations that he could go to have his pre-employment physical performed. *See* Hurtado Dec., Ex. C.  Accordingly, there is no basis to find that the Court has jurisdiction over RCCL under C.P.L.R. 302(a)(1) for Plaintiff's employment related claims.

### 2.  RCCL is not Subject to Jurisdiction Under C.P.L.R. 302(a)(2)

Under C.P.L.R. 302(a)(2), a New York court may exercise jurisdiction over a defendant that commits a tortious act in New York (except as to a cause of action for defamation) and the cause of action arises from that tortious act.  To satisfy New York's long-arm statute, the complaint must adequately frame a cause of action in tort arising from those acts.  *DirectTV Latin America, LLC v. Park 610, LLC*, 691 F. Supp. 2d 405, 418 (S.D.N.Y. 2010).  Moreover, New York courts and the Second Circuit have consistently interpreted Section 302(a)(2) jurisdiction narrowly, and have held that to qualify for jurisdiction under this subsection, a defendant's act or omission must have occurred within the State.  *Id.* More specifically, "Under element (2), the Long Arm statute reaches only tortious acts performed by a defendant who was **physically present** in New York when he performed the wrongful act." *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 28 (2d Cir. 1997) (emphasis added).

Even if the the causes of action could be considered tortious acts, none of the alleged acts occurred within New York, as none of the Individual Defendants or RCCL were ever physically

present in the State of New York to perform such an act.   As such, RCCL is not subject to jurisdiction.

### 3.   RCCL is not Subject to Jurisdiction Under C.P.L.R. 302(a)(3)

CPLR 302(a)(3) allows a court in New York to exercise personal jurisdiction over an out-of-state defendant when the non-domiciliary commits a tortious act (except as to a cause of action for defamation) outside New York that causes injury to a person within New York, if the non-domiciliary: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state; or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

Plaintiff cannot rely on C.P.L.R. 302(a)(3) to establish jurisdiction over RCCL. Plaintiff has not pled, nor can he establish, that RCCL: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in New York; or (ii) expects or should reasonably expect their alleged tortious act to have consequences in New York and derives substantial revenue from interstate or international commerce. *See* Point I.A.1(a)-(b), *supra.* Accordingly, there is no basis to find that the Court has jurisdiction over RCCL for Plaintiff's employment based claims under C.P.L.R. 302(a)(3).

### 4.   RCCL is not Subject to Jurisdiction Under C.P.L.R. 302(a)(4)

C.P.L.R. § 302(a)(4) applies when a non-domiciliary "owns, uses or possesses any real property situated within the state."   Under Section 302(a)(4), it is not enough for the property to be related in some way to the parties' dispute. *Elsevier, Inc. v. Grossman*, 77 F. Supp. 3d 331, 346 (S.D.N.Y. 2015).  The plaintiff's cause of action must arise out of the fact of ownership, use or possession of New York realty. *Id.; see also Lancaster v. Colonial Motor Freight Line, Inc.,*

581 N.Y.S.2d 283, 288 (1st Dept. 1992) ("[Section § 302(a)(4)] requires a relationship between the property and the cause of action sued upon.").

Here, Section 302(a)(4) is inapplicable because RCCL does not own, use, or possess any property in New York. *See* Hurtado Dec., ¶¶ 6 and 7. Even assuming *arguendo* that RCCL did own, use, or possess any property in New York, Plaintiff's claims against RCCL do not arise out of, or relate in any way to, RCCL's ownership, use, or possession of that property. Accordingly, the Court cannot exercise personal jurisdiction over RCCL under Section 302(a)(4).

## POINT II

### EXERCISING PERSONAL JURISDICTION OVER RCCL WOULD VIOLATE THE DUE PROCESS CLAUSE OF THE CONSTITUTION

As noted above, even if the Court's exercise of personal jurisdiction is found appropriate according to New York's long-arm jurisdiction provisions (which Defendants deny), the Court must next determine whether the Court's exercise of personal jurisdiction comports with the Due Process Clause of the United States Constitution. *Sonera Holding B.V.,* 750 F.3d at 224. Due process demands that defendants have "certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). Thus, the due process inquiry has two parts. First, "the court must determine whether the defendant has sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction," and second, "the court must determine whether the assertion of personal jurisdiction is reasonable under the circumstances of the particular case." *Schottenstein v. Schottenstein*, 2004 WL 2534155, at *7 (S.D.N.Y. Nov. 8, 2004). Where a non-domiciliary "avails itself of the benefits of the forum, has sufficient minimum contacts with it, and should reasonably expect to defend its actions there,"

the Court's exercise of personal jurisdiction will not offend due process. *Ikeda v. J. Sisters 57, Inc.*, 2015 WL 4096255, *6 (S.D.N.Y. 2015).

In addition, the United States Supreme Court clarified that under the Due Process Clause, a state cannot exercise jurisdiction over a foreign corporation unless that corporation's in-forum contacts are so continuous and systematic as to render the corporation essentially "at home" in the forum State. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011); *see also Daimler AG v. Bauman*, 134 S.Ct. 746, 760 (2014); *BNSF Railway Co., v. Tyrrell*, 137 S.Ct. 1549 (2017). Thus, for the Due Process analysis, "the inquiry under *Goodyear* is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." *Daimler*, 134 S.Ct. at 761. Only in an "exceptional case" will a corporation's operations in a forum that is not its place of incorporation or principal place of business be so substantial and of such a nature as to render the corporation "at home" in the state. *Id.*; *see also Sonera Holding B.V.*, 750 F.3d at 221 (applying "at home" analysis under New York law); *Thackurdeen*, 130 F. Supp. 3d at 792 (same).

## A. RCCL Does Not Have the Requisite Minimum Contacts With New York to Satisfy the Due Process Analysis

The requisite "minimum contacts" analysis "overlaps significantly" with New York's § 302(a)(1) inquiry into whether a defendant transacted business in the State. *Brown v. Web.com Group, Inc.,* 57 F. Supp. 3d 345, 358 (S.D.N.Y.2014). Accordingly, the same facts needed to support jurisdiction under § 302(a)(1), are needed to satisfy the minimum contacts requirement of due process. *Id.* Here, as established above, RCCL does not have the "minimum contacts" necessary to satisfy the due process requirements. *See* Point I.A.1(b)-(c), *supra*; Hurtado Dec., ¶¶ 2 through 11. Accordingly, the Court cannot exercise personal jurisdiction over RCCL.

**B.  It would Not be Reasonable for a New York Court to Exercise Jurisdiction Over RCCL**

Even assuming *arguendo* that RCCL had sufficient minimum contacts with New York (which Defendants deny), the Court should nonetheless decline to exercise personal jurisdiction over RCCL because it would be unreasonable under these circumstances.  The reasonableness of a Court's assertion of personal jurisdiction depends on a consideration of: "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the most efficient resolution of the controversy; and (5) the interests of the state in furthering substantive social policies." *Asahi Metal Industry Co., Ltd. v. Superior Court of CA*, 480 U.S. 102, 113 (1987).

Here, none of these factors weigh in favor of exercising jurisdiction over RCCL.  First, RCCL is a Liberian company with a principal place of business in Florida.  It would thus be burdensome to subject RCCL to litigation in New York, where it has no offices, facilities, or any other connection to New York, and none of the proposed witnesses for RCCL are located in New York.  Second, as Plaintiff was never expecting to be employed by RCCL in the State of New York, and in fact, was to travel to Florida to commence his employment, it is wholly reasonable to anticipate that this matter should be heard in Florida. Third, it is respectfully submitted that because RCCL conducts no business in New York, a New York court would not have any particular interest in adjudicating the claims against RCCL. Finally, there is no substantive social policy that would be furthered by permitting the case against RCCL to be heard in New York. Accordingly, exercising jurisdiction over RCCL would be unreasonable as a matter of law and violate the Due Process Clause.

## POINT III

## IN THE ALTERNATIVE, IF THE COMPLAINT IS NOT DISMISSED FOR LACK OF JURISDICTION, THE MATTER SHOULD BE TRANSFERRED TO THE DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

Regardless of whether the Court dismisses Plaintiff's complaint for lack of personal jurisdiction, this action should be transferred to the United States District Court for the Southern District of Florida.  Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The purpose of § 1404(a) is 'to prevent waste of "time, energy and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *In re Stillwater Min. Co. Sec. Litig.*, 2003 WL 21087953, at *2 (S.D.N.Y. May 12, 2003) (internal citations and quotations omitted.)

In deciding a § 1404(a) motion to transfer, the first question a court must ask is whether the case could have been brought in the proposed transferee district. *See Herbert Ltd. P'ship v. Elec. Arts Inc.*, 325 F. Supp. 2d 282, 285 (S.D.N.Y. 2004).  "An action might have been brought in the forum to which the movant seeks to transfer it if subject matter jurisdiction, personal jurisdiction, and venue would have been proper in the transferee court at the time of filing." *City of Pontiac Gen. Emp. Ret. Sys. v. Dell Inc.*, 2015 WL 12659925, at *2 (S.D.N.Y. Apr. 30, 2015). Under 28 U.S.C. § 1391(b), venue is proper, *inter alia*, in any judicial district "in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. 1391(b)(1). RCCL's corporate headquarters are located in Miami, Florida, and the individual defendants are all residents of the State of Florida and, thus, plaintiff could have filed this action in the Southern District of Florida. *See,* Complaint ¶ 10; Brown Dec. ¶ 2; Kling Dec. ¶ 2; Rodriguez Dec. ¶ 2.

14

Having satisfied that threshold inquiry, the Court must evaluate the following factors to determine whether to grant a motion to transfer venue: (i) the convenience of the witnesses; (ii) the convenience of the parties; (iii) the location of relevant documents and the relative ease of access to sources of proof; (iv) the locus of operative facts; (v) the availability of process to compel the attendance of unwilling witnesses; (vi) the relative means of the parties; (vii) the forum's familiarity with the governing law; (viii) the weight accorded the plaintiff's choice of forum; and (ix) trial efficiency and the interests of justice. *Steck v. Santander Consumer USA Holdings Inc.*, 2015 WL 3767445, at *2 (S.D.N.Y. June 17, 2015) (citation omitted).

As the Court can see from the accompanying Declarations and Exhibits, almost every factor, other than plaintiff's choice of forum and relative means of the parties, weighs in favor of transferring this matter to the Southern District of Florida.  Combined with the fact that Plaintiff was to commence his employment in Florida, and other than Plaintiff, there does not appear to be a sinlge witness that is located in New York, there should be no doubt that the Southern District of Florida is the proper place to maintain this action.

## <u>CONCLUSION</u>

For all of the foregoing reasons, it is respectfully submitted that Defendants' Motion to Dismiss should be granted in its entirety and the Complaint in this matter be dismissed with prejudice, or in the alternative, the matter be transferred to the District Court for the Southern District of Florida.

October 23, 2020

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**


/s/ Steven J. Luckner
Steven J. Luckner, Esq.


44458561.1