UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KENNETH LEAR,

                                **Case No. 1:20-cv-04660-GHW**

                 Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
d/b/a ROYAL CARIBBEAN
INTERNATIONAL, GREGORY BROWN,
individually, ROBERT KING, individually,
and GRISEL GARCIA RODRIGUEZ,
individually

                 Defendants.
----------------------------------------------------------X


MEMORANDUM OF LAW AND AFFIRMATION IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FRCP
12(b)(2)


DEREK SMITH LAW GROUP, PLLC
**Attorneys for Plaintiff**
One Penn Plaza, Suite 4905
New York, New York 10119
(212) 587-0760

i

# TABLE OF CONTENTS

**Page**

**ATTORNEY AFFIRMATION**……………………………………………………………..…1

**PRELIMINARY STATEMENT**……………………………………………………………..1

**SUMMARY OF THE ARGUMENT**……………………………………………….............1

**STANDARD OF REVIEW**………………………………………………………………...2

**STATEMENT OF FACTS**………………………………………………………………2

**ARGUMENT**………………………………………………………………………………4

   **I.**    **THIS COURT CLEARLY HAS PERSONAL JURISDICTION OVER THE DEFENDANTS**................4

  **II.**    **IN THE ALTERNATIVE, THIS COURT SHOULD GRANT JURISDICTIONAL DISCOVERY**……11

 **III.**    **THIS MATTER SHOULD NOT BE TRANSFERRED TO THE DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**………………………………………………....12

**CONCLUSION**........................................................................................................................16

## ATTORNEY AFFIRMATION

I, Ishan Dave, Esq., am an attorney at the Derek Smith Law Group, PLLC, counsel for Plaintiff, Kenneth Lear, in the above-referenced case. I respectfully submit this Memorandum of Law and Affirmation in Opposition to Defendants' Rule 12(b)(2) motion to dismiss Plaintiff's Amended Complaint, and affirm the following under the penalty of perjury.

## PRELIMINARY STATEMENT

Defendants' Motion to Dismiss the Amended Complaint is frivolous in the face of Plaintiff's very specific allegations of Defendants' discrimination, which demonstrates clear liability under the applicable federal, state, and local laws. Moreover, the specific factual allegations in the Amended Complaint, including that Plaintiff's medical evaluation was in New York as well as the fact that Plaintiff was in New York at the time of all discriminatory acts by Defendants, clearly establishes general and specific personal jurisdiction over the Defendants. As is demonstrated further herein, the Defendants, in their moving papers, not only fail to meet their burden under Rule 12, but misstate and misapply the facts and the law. Thus, the Defendants' motion to dismiss should be denied in its entirety, along with such other and further relief as this Court may deem just and proper.

## SUMMARY OF ARGUMENT

**First**, this Court has personal jurisdiction over the Defendants. First, there are sufficient allegations to make a *prima facie* showing of general jurisdiction under New York Civil Practice Law and Rules ("CPLR") 301. Alternatively, sufficient allegations exist to establish a *prima facie* showing that Defendants are subject to specific jurisdiction pursuant to New York's long-arm statute CPLR 302. Finally, the exercise of personal jurisdiction upon the Defendants comports with constitutional due process requirements.

**Second**, at the very least, Plaintiff has made a showing that he is entitled to jurisdictional discovery as to each of the Defendants. Nearly all of the information necessary to establish jurisdiction is squarely in

the hands of Defendants. Therefore, if any doubts remain concerning the issue of personal jurisdiction, this Court should reserve judgment on Defendants' motion until Plaintiff can take jurisdictional discovery.

**Third**, Plaintiff's choice of forum in the Southern District of New York, the location of the operative facts that give rise to the causes of action alleged, should be afforded significant weight, and should not be disturbed, and Defendants have failed to meet their burden pursuant to §1404(a).

## STANDARD OF REVIEW

The standard of review on a motion to dismiss is heavily weighted in favor of the Plaintiff. *Diaz v. NBC Universal, Inc.*, 536 F.Supp.2d 337, 341 (S.D.N.Y. 2008). Furthermore, "[a] court considering a 12(b)(6) motion must take factual allegations in the complaint to be true and draw all reasonable inferences in the plaintiff's favor. A complaint need not contain detailed factual allegations, but it must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Semper v. New York Methodist Hosp.*, 2011 WL 1240551, 3 (E.D.N.Y. 2011) (internal citations and quotation marks omitted). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). All well-pled factual allegations contained in the complaint are assumed to be true and construed in the non-moving party's favor. *See Still v. DeBuono*, 101 F.3d 888, 891 (2d Cir. 1996)." Furthermore, a complaint "in an employment discrimination lawsuit need not contain specific facts establishing a prima facie case of discrimination" but rather must merely "allege enough facts to state a claim to relief that is plausible on its face." See *Carpenter v. City of Mount Vernon*, 198 F. Supp. 3d 272 (S.D.N.Y. 2016), *citing Allessi v. New York State Dep't of Corr. & Cmty. Supervision*, 16 F.Supp.3d 221, 226–27 (W.D.N.Y.2014).

## STATEMENT OF FACTS

In or around March 2018, Defendant BROWN called Plaintiff and offered Plaintiff a position working for ROYAL CARIBBEAN as a Singer on a ROYAL CARIBBEAN cruise ship, the Radiance of the Seas (hereinafter referred to as "The Ship"). *See* Amended Complaint ("Am. Compl.") at ¶21. During

2

this conversation, Plaintiff informed BROWN that he was HIV positive, and BROWN told Plaintiff, "I don't anticipate this will be an issue." *Id.* at ¶22. In or around March 2018, ROYAL CARIBBEAN and Plaintiff entered into a contract for Plaintiff to receive $5,000.00 per month, plus a $525.00 per month bonus, in exchange for Plaintiff singing on the ship from July 7, 2018, through May of 2019. *Id.* at ¶23. In or around April 2018, Plaintiff asked BROWN about the required medical exam and in response, Defendant BROWN directed Plaintiff to contact Defendant RODRIGUEZ for a medical evaluation. *Id.* at ¶24. On or about April 25, 2018, RODRIGUEZ informed Plaintiff that in order to meet the minimum guidelines for ROYAL CARIBBEAN, Plaintiff's CD4 count needed to be above 350 and his viral load needed to be undetectable. Plaintiff was shocked and concerned by this news as being HIV positive could cause him to have a lower CD4 count or in the alternative a higher viral load. *Id.* at ¶25.

In or around May 2018, ROYAL required Plaintiff to have blood work performed. Plaintiff conceded to ROYAL CARIBBEAN's request and had bloodwork done by DR. JASON KINDT (hereinafter referred to as "DR. KINDT") at Mount Sinai Medical Center. *Id.* at ¶26. Plaintiff's only medical evaluation relating to Defendants' disability discrimination took place in New York City at Mount Sinai Medical Center. *Id.* at ¶27. In or around May 2018, Plaintiff discovered his CD4 count was 364 and his viral load was 90. Plaintiff conveyed his CD4 count and viral to RODRIGUEZ. *Id.* at ¶28. On or about May 31, 2018, RODRIGUEZ informed Plaintiff that his viral load did "not meet the guidelines" for ROYAL CARIBBEAN and Plaintiff would "not be able to move forward with the medical clearance process." *Id.* at ¶29. Defendants' discriminated against and terminated Plaintiff because of his disability and because he complained or opposed the unlawful conduct of Defendants related to the above protected classes. *Id.* at ¶32-34. At all times material, Plaintiff was in the State of New York, County of New York, during all the events which gave rise to the claims asserted herein occurred. *Id.* at ¶20.

## **ARGUMENT**

I. **THIS COURT CLEARLY HAS PERSONAL JURIDICTION OVER THE DEFENDANTS**

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant. *Metro Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir 1996). However, "[p]rior to discovery, a plaintiff may defeat a motion to dismiss based on legally sufficient allegations of jurisdiction." *In re Magnetic Audiotape Antitrust Litigation*, 334 F.3d 204, 206 (2d Cir 2003); s*ee also Jazini v. Nissan Motor Co.,* 148 F.3d 181, 184 (2d Cir. 1998) ("'[p]rior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith ... legally sufficient allegations of jurisdiction, i.e., by making a prima facie showing of jurisdiction.'"); *Metallurgie Hoboken-Overpelt, S.A.,* 902 F.2d at 196 ("though a plaintiff bears the burden of establishing jurisdiction over the defendant by a preponderance of the evidence, the plaintiff need make only a prima facie showing that jurisdiction exists prior to the holding of an evidentiary hearing."); *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 57 (2d Cir. 1985) ("Until an evidentiary hearing is held, however, the plaintiff need make only a prima facie showing that jurisdiction exists....").

Furthermore, in considering a Rule 12(b)(2) motion, the pleadings and affidavits are to be construed in the light most favorable to plaintiff, the non-moving party, and all doubts are to be resolved in plaintiff's favor. *DiStefano v. Carozzi N. Am. Inc*. 286 F.3d 81, 85 (2d Cir. 2001); *Hoffritz for Cutlery, Inc.* 763 F.2d at 57 ("Prior to any discovery or an evidentiary hearing, the Court must construe all pleadings and affidavits are construed in the light most favorable to plaintiff, and where doubts exist, they are resolved in the plaintiff's favor."). Finally, in evaluating Plaintiff's jurisdictional theory, this Court need only determine whether the facts alleged, if true, are sufficient to establish jurisdiction; no evidentiary hearing or factual determination is necessary. *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 153 (2d Cir. 1999).

In deciding this motion to dismiss for lack of personal jurisdiction the Court must engage in a two-part analysis. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL,* 732 F.3d 161, 168 (2d Cir.2013). First, the Court must determine whether the defendant is subject to jurisdiction under the law of the forum state.

4

Second, the Court must consider whether the exercise of personal jurisdiction over the defendant comports with the Due Process Clause of the United States Constitution. *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014).

In this case, Defendants challenge personal jurisdiction at an early stage, before any discovery or an evidentiary hearing. Thus, Plaintiff need only make a *prima facie* showing that the Court has personal jurisdiction over the Defendant but that showing can depend on allegations alone and if Defendant's affidavits or other materials contradict or cast doubt on Plaintiff's pleadings, these contradictions and doubt must be resolved in Plaintiff's favor. Here, New York's jurisdictional statutes provide a basis for personal jurisdiction. First, there are sufficient allegations to make a *prima facie* showing of general jurisdiction under New York Civil Practice Law and Rules ("CPLR") 301. Alternatively, sufficient allegations exist to establish a *prima facie* showing that Defendants are subject to specific jurisdiction pursuant to New York's long-arm statute CPLR 302. Finally, the exercise of personal jurisdiction upon the Defendants comports with constitutional due process requirements.

  a. THIS COURT MAY EXERCISE GENERAL PERSONAL JURISDICTION OVER DEFENDANTS

CPLR § 301, confers on New York courts general personal jurisdiction over any nonresident or foreign corporation "engaged in such a continuous and systematic course of 'doing business' here as to warrant a finding of its presence in this jurisdiction." *McGowan v. Smith*, 52 N.Y.2d 268, 272 (1981). A party subject to general personal jurisdiction in New York may be sued in New York on any claim, whether or not the claim arose in New York or from any of the defendant's contacts with New York.

In the instant case, a substantial part of the events giving rise to the claims occurred in New York. In particular, in or around March 2018, Defendant BROWN called Plaintiff at his domicile in New York and offered Plaintiff a position working for Defendants. Defendant ROYAL CARIBBEAN and Plaintiff entered into a contract for employment which Plaintiff executed in New York. *Id.* at ¶23. In or around May 2018, ROYAL required Plaintiff to have blood work performed, and Plaintiff followed Defendants' instructions and had bloodwork done by DR. JASON KINDT (hereinafter referred to as "DR. KINDT") at Mount Sinai Medical Center. *Id.* at ¶26. Plaintiff's only medical evaluation relating to Defendants'

5

disability discrimination took place in New York City at Mount Sinai Medical Center. *Id.* at ¶27. On or about May 31, 2018, RODRIGUEZ informed Plaintiff that his viral load did "not meet the guidelines" for ROYAL CARIBBEAN and Plaintiff would "not be able to move forward with the medical clearance process." *Id.* at ¶29. At all times material, Plaintiff was in the State of New York, County of New York, during all the events which gave rise to the claims asserted herein occurred. *Id.* at ¶20.

A substantial portion of the events giving rise to the claims in this case occurred in New York, and the impact was certainly felt by Plaintiff in New York. Thus, the aggregate of Defendants' substantive activities in the State clearly demonstrate that they have maintained a continuous and systematic "presence" in New York sufficient to warrant a finding that they have been "doing business" in New York for purposes of establishing general personal jurisdiction.

    **b.  THIS COURT MAY EXERCISE SPECIFIC PERSONAL JURISDICTION OVER DEFENDANTS PURSUANT TO CPLR § 302(A)(1)**

This Court has personal jurisdiction over Defendants pursuant to CPLR § 302(a)(1). To establish personal jurisdiction under §302(a)(1), the plaintiff must show that "(1) [t]he defendant . . . transacted business within the state; and (2) the claim asserted must arise from that business activity." *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt, LLC*, 450 F.3d 100, 103 (2d Cir. 2006) (citations omitted).

This first requirement is established by showing that a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *SAS Group, Inc. v. Worldwide Inventions, Inc.*, 245 F. Supp. 2d 543, 548 (S.D.N.Y. 2003) (citations and internal quotation marks omitted); *Treeline Inv. Partners, LP v. Koren*, 2007 U.S. Dist. LEXIS 47748, at *8 (S.D.N.Y. 2007) (Purposeful activity means "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws."); *Moskowitz v. La Suisse, Société D'Assurances sur la Vie*, 282 F.R.D. 54, 60 (S.D.N.Y. 2012). Furthermore, the activity does not need to even be commercial in nature. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 247 n.10 (2d Cir. 2007). "Transacting business requires only a minimal quantity of activity, provided that it is of the right nature and quality and, in making a determination, a

6

court must analyze the totality of the defendant's contact with the forum." *Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996). In fact, Courts have held that this requirement can be based on sustained communications into the State of New York. *Fischbarg v. Doucet,* 9 N.Y.3d 375,384-85, 849 N.Y.S.2d 501, 501 (2007) (sustained communications into New York via telephone, mail, facsimile and/or email sufficient to constitute transacting business).

Additionally, it is well settled that "a single transaction would be sufficient to fulfill this requirement." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 787 (2d Cir. 1999) (internal quotation marks and citation omitted); *Treeline Inv. Partners, LP v. Koren*, 2007 U.S. Dist. LEXIS 47748, at *8 (S.D.N.Y. 2007) ("proof of one transaction, or a single act, in New York, is sufficient to invoke long-arm jurisdiction, even though the defendant never enters New York"); *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 466 (1988) (proof of even "one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York"); *Launer v. Buena Vista Winery, Inc.*, 916 F.Supp. 204, 209-210 (E.D.N.Y. 1996) (California defendants "transact[ed] business" in New York within the meaning of CPLR 302(a)(1) where only a couple of the acts that formed the basis for Plaintiff's Title VII claim occurred in New York).

The second requirement is established where there is a "'substantial nexus' between the business transacted and the cause of action sued upon." *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt, LLC*, 450 F.3d at 103. While it must be shown that the claim "arises out of the subject matter of the business transacted," *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 564 (S.D.N.Y. 2000), "[a] suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." *Henderson v. I.N.S.*, 157 F.3d 106, 123 (2d Cir. 1998) (internal quotations omitted); *see also LaChapelle v. Torres*, 2014 U.S. Dist. LEXIS 26128, at *34 (S.D.N.Y. 2014) ("This standard does not require a 'causal link between the defendant's New York business activity and a plaintiff's injury' but instead merely requires a relatedness such that the claim is not 'completely unmoored' from the business activity.")

Courts in this Circuit have long held that CPLR § 302(a)(1) applies to non-domiciliaries in

employment discrimination cases. In *International Healthcare Exch., Inc. v. Global Healthcare Exch., LLC*, 470 F. Supp. 2d 345, 360 (S.D.N.Y. 2007), plaintiff worked for the foreign corporation out of an office in her home. *Id.* at 358. The communications and work assignments that the plaintiff alleged were discriminatory were sent to the plaintiff by the individual defendants "via telephone, email, and fax to her home office in New York." *Id.* at 358-59. There, the court found that these communications and assignments were business transactions under the first prong of the test. *Id.* Additionally, because these communications and assignments "form the substantive basis" for the plaintiff's claims against the defendants, the court held that the transactions had a sufficient nexus to the cause of action and exercised personal jurisdiction over the individual defendants. *Id.* at 359.

Here, in or around March 2018, Defendant BROWN called Plaintiff at his domicile in New York and offered Plaintiff a position working for Defendants. Defendant ROYAL CARIBBEAN and Plaintiff entered into a contract for employment which Plaintiff executed in New York. Id. at ¶23. In or around May 2018, ROYAL required Plaintiff to have blood work performed, and Plaintiff followed Defendants' instructions and had bloodwork done by DR. JASON KINDT (hereinafter referred to as "DR. KINDT") at Mount Sinai Medical Center. Id. at ¶26. Plaintiff's only medical evaluation relating to Defendants' disability discrimination took place in New York City at Mount Sinai Medical Center. Id. at ¶27. On or about May 31, 2018, RODRIGUEZ informed Plaintiff that his viral load did "not meet the guidelines" for ROYAL CARIBBEAN and Plaintiff would "not be able to move forward with the medical clearance process." Id. at ¶29. At all times material, Plaintiff was in the State of New York, County of New York, during all the events which gave rise to the claims asserted herein occurred. Id. at ¶20. Accordingly, this Court may exercise personal jurisdiction over the Defendants pursuant to CPLR §302(a)(1).

    c.   THIS COURT MAY EXERCISE SPECIFIC PERSONAL JURISDICTION OVER DEFENDANTS PURSUANT TO CPLR § 302(A)(3)

CPLR §302(a)(3) provides for personal jurisdiction over a defendant who "commits a tortious act without the state causing injury to person or property within the state" if that defendant either, "(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial

8

revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." CPLR § 302(a)(3). The elements of CPLR § 302(a)(3) are "disjunctive," meaning that "[i]f any one of these elements is met, there is *in personam* jurisdiction in New York. *Granada Television International, Ltd. v. Lorindy Pictures International, Inc.*, 606 F.Supp. 68, 72 (S.D.N.Y. 1984).

In analyzing jurisdiction under CPLR § 302(a)(3), New York courts apply the situs-of-injury test in determining whether there is an injury sufficient to support jurisdiction. The test requires the court to locate the initial tort, the location of the original event which caused the injury, and the location where the injury manifested itself. In *Distefano v. Carozzi,* 286 F.3d 81 (2d Cir. 2001), the Second Circuit Court of Appeals explained that the original event was "DiStefano's experience of being removed from his job ...which DiStefano performed...in New York." *Id.* at 85. Thus, "DiStefano experienced the 'first effect' of losing his job in New York, even though he was fired in New Jersey. Indeed, when a person is employed in New York (or performs a substantial part of the duties of his or her employment in New York), his or her removal from that employment (or from those duties) is a New York event that constitutes 'the first effect of the tort' of discharging the employee." *Id.*

Therefore, in the present case, where Plaintiff was hired, fired, and discriminated against in New York, New York constitutes the situs-of-injury for purposes of §302(a)(3). Additionally, the disjunctive sub-parts of §302(a)(3)(i) and (ii) are also satisfied. As already explained, Defendants have clearly engaged in a persistent course of conduct in New York by hiring Plaintiff from New York and by continuously engaging with Plaintiff through numerous communications into New York via telephone and e-mail. Furthermore, Defendants should also expect or reasonably should have expected their acts to have consequences in New York given the fact that Plaintiff was hired, fired, and discriminated against in New York. Accordingly, this Court may exercise personal jurisdiction over the Defendants pursuant to CPLR §302(a)(3).

    **d.**   **EXERCISING JURISDICTION OVER THE DEFENDANTS COMPORTS WITH DUE PROCESS**

In order to establish personal jurisdiction, jurisdiction must comply with due process in addition to satisfying the requirements of New York's long-arm jurisdiction statute. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 486 (1985). The due process test has two prongs: "minimum contacts" and "reasonableness." *Chloe v. Queen Bee of Beverly Hills, LLC,* 616 F.3d 158, 164 (2d Cir. 2010).

The minimum contacts inquiry generally overlaps with the "transaction of business" inquiry under CPLR 302(a)(1). *Best Van Lines, Inc. v. Walker,* 490 F.3d 239, 247 (2d Cir. 2007). For substantially the same reason as set forth above, Defendants have purposefully availed themselves of the privilege of conducting activities in New York. Consequently, Defendants purposefully availed themselves of the laws and privileges of New York, and could have reasonably foreseen being "haled" into Court in New York. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). Furthermore, "[w]here Plaintiff makes the threshold showing of the minimum contacts required for the first test, Defendant must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779 (2d Cir. 1999). As demonstrated herein, Defendant is unable to proffer any legitimate considerations to render jurisdiction unreasonable. Accordingly, Defendants' conduct satisfies the minimum contacts prong of the due process analysis.

The Court must then determine whether the exercise of personal jurisdiction over the defendant "is reasonable under the circumstances of the particular case." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 305 F.3d 120, 129 (2d Cir. 2002). The Supreme Court has enumerated five factors that must be considered in determining whether exercising jurisdiction over a non-resident defendant is reasonable: (1) the burden on the defendant, (2) the interest of the forum State, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversy, and (5) the shared interest of several states in furthering fundamental substantive social policies. *Asahi Metal Industry Co v. Superior Court of California,* 480 U.S. 102, 113 (1987).

In this case, the burden on Defendant to defend this action in New York can hardly be considered significant enough to render jurisdiction unreasonable, considering the fact that Defendants can easily travel to New York. Furthermore, New York certainly has an interest in adjudicating disputes arising in

10

New York and providing redress to its citizens. Moreover, Plaintiff definitely has an interest in obtaining relief in New York, the State where he lived and was hired and medically evaluated, and around which the Complaint's allegations revolve. Additionally, Finally, there are substantive social policies that render adjudication in New York more preferable than any other forum. Specifically, Plaintiff's NYSHRL and NYCHRL claims should be litigated in New York amongst judges intimately familiar with these New York specific laws.

Therefore, considering these factors, Defendants' "generalized complaints of inconvenience arising from having to defend [themselves] from suit in New York do not add up to a 'compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Chloe v. Queen Bee of Beverly Hills,* LLC, 616 F.3d at 173. Accordingly, the exercise of personal jurisdiction upon the Defendants comports with constitutional due process requirements.

## II. IN THE ALTERNATIVE, THIS COURT SHOULD GRANT JURISDICTIONAL DISCOVERY

At the very least, Plaintiff has made a showing that he is entitled to jurisdictional discovery as to each of the Defendants. *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d at 208 (acknowledging that it was "premature" to dismiss plaintiffs' complaint prior to allowing discovery into a "fact-specific" personal jurisdiction inquiry). Courts have ordered jurisdictional discovery where a plaintiff made less than a *prima facie* showing but "made a sufficient start toward establishing personal jurisdiction." *Uebler v. Boss Media*, 363 F. Supp. 2d 499, 506-07 (E.D.N.Y. 2005); *see also Ayyash v. Bank Al-Madina*, 2006 U.S. Dist. LEXIS 9677, 2006 WL 587342, at *5 (S.D.N.Y. 2006) (ordering discovery upon a "threshold showing that there is some basis for the assertion of jurisdiction[,] facts that would support a colorable claim of jurisdiction"); *Winston & Strawn v. Dong Won Secs. Co. Ltd.*, 2002 U.S. Dist. LEXIS 20952, 2002 WL 31444625, at *5 (S.D.N.Y. 2002) (denying motion to dismiss and permitting discovery "where the facts necessary to establish personal jurisdiction . . . lie exclusively within the defendant's knowledge"); *Aerotel, Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 194 (S.D.N.Y. 2000) (denying motion to dismiss to permit plaintiff to take jurisdictional discovery despite plaintiff's "conclusory" allegations); *Strategem Dev. Corp. v. Heron Int'l N.V.*, 153 F.R.D. 535, 547 (S.D.N.Y. 1994) (although plaintiffs had not made prima facie showing of

personal jurisdiction, plaintiff made sufficient showing to warrant further discovery); *Lechner v. Marco-Domo Internationales Interieur GmbH*, 2005 U.S. Dist. LEXIS 4022, at *15 (S.D.N.Y. 2005) (allowing limited discovery regarding jurisdiction).

In this case, nearly all of the information necessary to establish jurisdiction is squarely in the hands of Defendants. *See Mfg. Tech., Inc. v. Kroger Co.,* 2006 WL 3714445, *3 (S.D.N.Y. 2006) (declining to dismiss for lack of personal jurisdiction and granting discovery where the relevant "knowledge is peculiarly under the control of [Defendant] and may come to light in the course of subsequent discovery."); s*ee also Peterson v. Spartan Indus.* 33 N.Y.2d 463, 467 (1974) (holding that jurisdictional discovery "protects the party to whom essential jurisdictional facts are not presently known, especially where those facts are within the exclusive control of the moving party. The opposing party need only demonstrate that facts 'may exist' whereby to defeat the motion. It need not be demonstrated that they do exist. This obviously must await discovery."). Therefore, if any doubts remain, the Court should reserve judgment on Defendants' motion until Plaintiff can take jurisdictional discovery.

### III.    THIS MATTER SHOULD NOT BE TRANSFERRED TO THE DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

A district court "may transfer any civil action to any other district or division where it might have been brought"[1] "[f]or the convenience of parties and witnesses" and "in the interest of justice," 28 U.S.C. § 1404(a). District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006); *In re Cuyahoga Equip. Corp.,* 980 F.2d 110, 117 (2d Cir.1992). However, in evaluating a motion to transfer, the burden rests on the moving party to make a "clear and convincing" showing that transfer under Section 1404(a) is proper. *Gould Paper Corp. v. Gomez*, No. 07 CIV. 6087 (DC), 2008 WL 113900, at *2–3 (S.D.N.Y. Jan. 11, 2008) *citing Millenium L.P. v. Dakota Imaging, Inc.,* No. 03 Civ. 1838(RWS), 2003 WL 22940488, at *6 (S.D.N.Y. Dec. 15, 2003).

12

The burden of justifying transferring venue lies with the moving party. *Hernandez v. Blackbird Holdings, Inc.*, No. 01 CIV 4561 (GBD), 2002 WL 265130, at *1 (S.D.N.Y. Feb. 25, 2002), citing *Factors v. Pro Arts Inc.,* 579 F.2d 215, 218 (2d Cir.1978), *overruled on other grounds by, Pirone v. Macmillon, Inc.,* 894 F.2d 579 (2d Cir.1990); *Aerotel, Ltd. v. Sprint Corp.,* 100 F.Supp.2d 189 (S.D.N.Y.2000) (internal quotation marks and citation omitted). Additionally, the presumption against transferring venue is a strong one, and "the rule in this Circuit is that plaintiff's choice of forum will not be disturbed unless the movant shows that the balance of convenience and justice weighs heavily in favor of transfer." *Manufacturers Hanover Trust Co. v. Palmer Corp.,* 798 F.Supp. 161, 164 (S.D.N.Y.1992) (citing *Somerville v. Major Exploration, Inc.,* 576 F.Supp. 902, 908 (S.D.N.Y.1983)); *Ford Motor Co. v. Ferguson,* 182 F.2d 329, 330 (2d Cir.1950) (holding that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."); *Lynch ex rel. Tr. of Health & Welfare Fund of Patrolmen's Benevolent Ass'n of City of New York & Retiree Health & Welfare Fund of Patrolmen's Benevolent Ass'n of City of New York v. Nat'l Prescription Adm'rs,* No. 03 CIV. 1303 (GBD), 2004 WL 385156, at *2 (S.D.N.Y. Mar. 1, 2004) citing *Toy Biz, Inc. v. Century Corp.,* 990 F.Supp. at 330 (S.D.N.Y.1998); *Jannus Group, Inc. v. Independent Container, Inc.,* 1998 U.S. Dist. LEXIS 13106 *9 (S.D.N.Y. Aug. 24, 1998). To overcome this burden, the moving party must demonstrate through clear and convincing evidence that the interests of justice require transfer to a venue other than the one chosen by the Plaintiffs. *Hernandez v. Blackbird Holdings, Inc.*, No. 01 CIV 4561 (GBD), 2002 WL 265130, at 1 (S.D.N.Y. Feb. 25, 2002) citing *Hall v. South Orange,* 89 F.Supp.2d 488, 494 (S.D.N.Y.2000) (citations omitted); *see also Worldcom Technologies, Inc. v. ICC Intelea Communications, Inc.,* 37 F.Supp.2d 633, 638 (S.D.N.Y.1999).

The threshold question in deciding a motion to transfer venue is "whether the action could have been brought in the transferee forum." *Gould Paper Corp. v. Gomez*, No. 07 CIV. 6087 (DC), 2008 WL 113900, at *2–3 (S.D.N.Y. Jan. 11, 2008) citing *Millennium, L.P. v. Hyland Software, Inc.,* 03 Civ. 3900(DC), 2003 WL 22928644, at *2 (S.D.N.Y. Dec. 10, 2003). If this is established, Courts then look to both the " 'private interest factors' affecting the convenience of the litigants" and the " 'public interest

13

factors' affecting the convenience of the forum." *Lynch ex rel. Tr. of Health & Welfare Fund of Patrolmen's Benevolent Ass'n of City of New York & Retiree Health & Welfare Fund of Patrolmen's Benevolent Ass'n of City of New York v. Nat'l Prescription Adm'rs,* No. 03 CIV. 1303 (GBD), 2004 WL 385156, at *2 (S.D.N.Y. Mar. 1, 2004) citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241, 102 S.Ct. 252, 258, 70 L.Ed.2d 419 (1981). The private interest factors include: (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interest of justice, based on the totality of the circumstances. *Lynch ex rel. Tr. of Health & Welfare und of Patrolmen's Benevolent Ass'n of City of New York & Retiree Health & Welfare Fund of Patrolmen's Benevolent Ass'n of City of New York v. Nat'l Prescription Adm'rs,* No. 03 CIV. 1303, 2004 WL 385156, at 2 (S.D.N.Y. 2004) citing *MBCP Peerlogic LLC v. Critical Path, Inc.,* 2002 WL 31729626 at 3 (S.D.N.Y.2002), *citing Constitution Reins. Corp. v. Stonewall Ins. Co.,* 872 F.Supp. 1247, 1250 (S.D.N.Y.1995)); *Dwyer v. General Motors Corp.,* 853 F.Supp. 690, 692 (S.D.N.Y.1994); Gilbert v. *Gulf Oil Corp,* 330 U.S. 501, 508, 67 S.Ct. 839 (1947).

While courts are to consider these factors, there is "no rigid formula for balancing these factors and no single one of them is determinative." *Lynch ex rel. Tr. of Health & Welfare Fund of Patrolmen's Benevolent Ass'n of City of New York & Retiree Health & Welfare Fund of Patrolmen's Benevolent Ass'n of City of New York v. Nat'l Prescription Adm'rs,* No. 03 CIV. 1303 (GBD), 2004 WL 385156, at 2 (S.D.N.Y. Mar. 1, 2004) *citing Citigroup, Inc. v. City Holding Company and City Nat'l Bank,* 97 F.Supp.2d 549, 561 (S.D.N.Y.2000). Furthermore, "[w]here transfer would merely shift the inconvenience from one party to *466 the other, the Court should leave plaintiff's choice of venue undisturbed." *Ward v. Stewart*, 133 F. Supp. 3d 455, 465–66 (N.D.N.Y. 2015), *citing Rindfleisch v. Gentiva Health Sys., Inc.,* 752 F. Supp. 2d 246, 258 (E.D.N.Y. 2010). As the moving party in this case, Massage Envy carries the heavy burden of

14

making a "clear and convincing" showing that transfer under Section 1404(a) is proper. *Gould Paper Corp. v. Gomez*, No. 07 CIV. 6087 (DC), 2008 WL 113900, at *2–3 (S.D.N.Y. Jan. 11, 2008) citing *Millenium L.P. v. Dakota Imaging, Inc.,* No. 03 Civ. 1838(RWS), 2003 WL 22940488, at *6 (S.D.N.Y. Dec. 15, 2003).

In the present case, Defendant BROWN called Plaintiff at his domicile in New York and offered Plaintiff a position working for Defendants. Defendant ROYAL CARIBBEAN and Plaintiff entered into a contract for employment which Plaintiff executed in New York. Id. at ¶23. In or around May 2018, ROYAL required Plaintiff to have blood work performed, and Plaintiff followed Defendants' instructions and had bloodwork done by DR. JASON KINDT (hereinafter referred to as "DR. KINDT") at Mount Sinai Medical Center. Id. at ¶26. Plaintiff's only medical evaluation relating to Defendants' disability discrimination took place in New York City at Mount Sinai Medical Center. Id. at ¶27. On or about May 31, 2018, RODRIGUEZ informed Plaintiff that his viral load did "not meet the guidelines" for ROYAL CARIBBEAN and Plaintiff would "not be able to move forward with the medical clearance process." Id. at ¶29. At all times material, Plaintiff was in the State of New York, County of New York, during all the events which gave rise to the claims asserted herein occurred. Id. at ¶20. Therefore, this matter should not be transferred to the District Court for the Southern District of Florida.

## **CONCLUSION**

Defendants' Motion to Dismiss the Amended Complaint should be denied in its entirety, because the specific factual allegations in the Amended Complaint, including that Plaintiff was hired, medically evaluated, terminated, and discriminated against by Defendants all in New York, clearly establishes general and specific personal jurisdiction over the Defendants. As such, the Defendants' Motion to Dismiss Plaintiff's Amended Complaint should be denied in its entirety, together with such other and further relief as this Court may deem just and proper.

Dated: December 14, 2020
New York, NY

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**

\_\_/s/ Ishan Dave\_\_\_\_
Ishan Dave, Esq.
*Attorney for Plaintiff*
One Penn Plaza, Suite 4905
New York, New York 10119
(212) 587-0760