UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

KENNETH LEAR,

          Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD., d/b/a ROYAL CARIBBEAN INTERNATIONAL, GREGORY BROWN, individually, ROBERT KING, individually, and GRISEL GARCIA RODRIGEZ, individually

          Defendants.

---

: Hon. Gregory H. Woods, U.S.D.J.
: Case No. 1:20-cv-04660-GHW

---

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS**

---

                              **OGLETREE, DEAKINS, NASH,**
                              **SMOAK & STEWART, P.C.**
                              10 Madison Avenue, Suite 400
                              Morristown, New Jersey 07960
                              Telephone: (973) 656-1600
                              Facsimile: (973) 656-1611
                              *Attorneys for Defendants*
                              *Royal Caribbean Cruises LTD, Gregory Brown,*
                              *Robert Kling (i/s/a Robert King) and Grisel*
                              *Garcia Rodriguez*

On the Brief:
    Steven J. Luckner

## **TABLE OF CONTENTS**

**PAGE(S)**

**TABLE OF AUTHORITIES** ........................................................Error! Bookmark not defined.

**PRELIMINARY STATEMENT** ................................................................................................ 1

**LEGAL ARGUMENT** ................................................................................................................ 2

**STANDARD OF REVIEW** ........................................................................................................ 2

    **POINT I**
    **PLAINTIFF HAS FAILED TO ASSERT ANY JURISDICTIONAL**
    **ALLEGATIONS AGAINST THE DEFENDANTS** ............................................................... 3

        A.  **This Court Does Not Have Jurisdiction Over The Individual Defendants**................ 4

        B.  **This Court Does Not Have Jurisdiction Over RCCL** ...................................................... 5

            i.   **Jurisdiction Under C.P.L.R. 302(a)(1)** ............................................................... 5

            ii.  **Jurisdiction Under C.P.L.R. 302(a)(2)** ............................................................... 8

            iii.  **Jurisdiction Under C.P.L.R. 302(a)(3)** ............................................................... 8

    **POINT II**
    **PLAINTIFF FAILS TO ESTABLISH THAT EXERCISING JURISDICTION**
    **OVER RCCL COMPORTS WITH DUE PROCESS** ........................................................... 10

    **POINT III**
    **JURISDICTIONAL DISCOVERY IS NOT APPROPRIATE WHERE NO**
    **FOUNDATION FOR JURISDICTION HAS BEEN LAID** ............................................... 11

    **POINT IV**
    **IN THE ALTERNATIVE, CONVENIENCE AND JUSTICE DICTATE**
    **THAT THIS MATTER SHOULD BE TRANSFERRED TO THE**
    **SOUTHERN DISTRICT OF FLORIDA** ............................................................................... 12

**CONCLUSION** ......................................................................................................................... 14

# **TABLE OF AUTHORITIES**

**P**AGE(S)

**C**ASES

*Andy Stroud, Inc. v. Brown*,
   2009 LEXIS 18725 (S.D.N.Y. Mar. 4, 2009) ...................................................................... 7

*Bensusan Rest. Corp. v. King*,
   126 F.3d 25 (2d Cir. 1997) ................................................................................................... 8

*Best Van Lines v. Walker*,
   490 F.3d 239 (2d Cir. 2007) ............................................................................................ 2, 5

*BNSF Railway Co., v. Tyrrell*,
   137 S.Ct. 1549 (2017) ........................................................................................................ 10

*Brown v. Web.com Group, Inc.*,
   57 F. Supp. 3d 345 (S.D.N.Y.2014) ............................................................................ 10, 11

*Daimler AG v. Bauman*,
   134 S.Ct. 746 (2014) .......................................................................................................... 10

*Daval Steel Prods. v. M.V. Juraj Dalmatinac*,
   718 F. Supp. 159 (S.D.N.Y. 1989) .............................................................................. 11, 12

*Del Medical Imaging Corp. v. CR Tech USA, Inc.*,
   2010 U.S. Dist. LEXIS 36415 (S.D.N.Y. Apr. 13, 2010) .................................................. 12

*Distefano v. Carozzi*,
   286 F.3d 81 (2d Cir. 2001) .................................................................................................. 9

*Fischbarg v. Doucet*,
   9 N.Y.3d 375 ....................................................................................................................... 4

*Frontera Res. Azerbaijan Corp. v. State Oil Co. of the Azerbaijan Republic*,
   582 F.3d 393 (2d Cir. 2009) .............................................................................................. 11

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011) ........................................................................................................... 10

*Herbert Ltd. P'ship v. Elec. Arts Inc.*,
   325 F. Supp. 2d 282 (S.D.N.Y. 2004) .............................................................................. 13

*Jazini v. Nissan Motor Co., Ltd.*,
   148 F.3d 181 (2d Cir. 1998) .............................................................................................. 11

*Klonis v. Nat. Bank of Greece, S.A.*,
   492 F. Supp. 2d 293 (S.D.N.Y. 2007)..................................................................................5

*Lehigh Valley Inds.. Inc. v. Birenbaum*,
   527 F.2d 87 (2d Cir. 1975)..................................................................................................11

*In re Magnetic Audiotape Antitrust Litig.*,
   334 F.3d 204 (2d Cir. 2003)..................................................................................................2

*Minnie Rose LLC v. Yu*,
   169 F. Supp. 3d 504 (S.D.N.Y. 2016)....................................................................................2

*Pablo Start Ltd. v. Welsh Gov't.*,
   170 F.Supp. 3d 597 (S.D.N.Y. 2016).....................................................................................2

*Skrodzki v. Marcello*,
   810 F. Supp. 2d 501 (E.D.N.Y. 2011) ...................................................................................2

*Sonera Holding B.V. v. Cukurova Holding A.S.*,
   750 F.3d 221 (2014)............................................................................................................10

*SPCA of Upstate New York, Inc. v. American Working Collie Ass'n.*,
   18 N.Y. 3d 400 (2012) .........................................................................................................5

*In re Stillwater Min. Co. Sec. Litig.*,
   2003 WL 21087953 (S.D.N.Y. May 12, 2003) ...................................................................13

*Tannerite Sports, LLC v. NBCUniversal Media LLC*,
   135 F. Supp. 3d. 219 (S.D.N.Y. 2015)...................................................................................2

*Tese-Milner v. De Beers Centenary A.G.*,
   613 F. Supp. 2d 404 (S.D.N.Y. 2009)..................................................................................11

*Thackurdeen v. Duke Univ.*,
   130 F. Supp. 3d 792 (2015) ................................................................................................10

*Three Five Compounds, Inc. v. Scram Techs. Inc.*,
   2011 WL 5838697 (S.D.N.Y. Nov. 21, 2011).......................................................................7

*Vista Food Exch., Inc. v. Champion Foodservice, LLC*,
   2014 LEXIS 108145 (S.D.N.Y. Aug. 4, 2014)......................................................................7

**STATUTES**

28 U.S.C. § 1404(a) ..............................................................................................................12, 13

**OTHER AUTHORITIES**

N.Y. C.P.L.R. § 302(a) ................................................................................................................3

N.Y. C.P.L.R. 302(a)(1)................................................................................................5, 7

N.Y. C.P.L.R. 302(a)(2)...................................................................................................8

N.Y. C.P.L.R. 302(a)(3)................................................................................................8, 9

## **PRELIMINARY STATEMENT**

Plaintiff's opposition to Defendants' motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) does nothing to change the simple fact that Plaintiff has not alleged any facts in his Amended Complaint that would confer jurisdiction over the Defendants.

First, Plaintiff does not even attempt to establish jurisdiction over Gregory Brown, Robert Kling or Grisel Garcia Rodriguez (the "Individual Defendants"). The Amended Complaint contains not a single jurisdictional allegation regarding the Individual Defendants. Indeed, even after seeing Defendants' initial motion to dismiss and the Declarations of the Individual Defendants which accompanied the motion, Plaintiff still chose not to even attempt to include any jurisdictional allegations against the Individual Defendants in his Amended Complaint.

Second, Plaintiff appears to misapprehend the standard of review on a Fed. R. Civ. P. 12(b)(2) motion to dismiss. Plaintiff repeatedly cites to the standard of review for a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. Yet, where on a 12(b)(6) motion to dismiss Defendant bears the burden of establishing that the complaint fails to state a cause of action, on a 12(b)(2) motion to dismiss, the plaintiff bears the burden of proving personal jurisdiction by a preponderance of the evidence. Highlighting this difference is the ability of the parties to submit materials outside of the pleadings on a 12(b)(2) motion, whereas the parties are confined to the four corners of the complaint on a 12(b)(6) motion. Plaintiff chose not to submit a single piece of evidence or affidavit in opposition to the motion.

Third, Plaintiff also misapprehends what needs to be shown to meet his burden of proving personal jurisdiction over the Defendants. Plaintiff's only alleged basis for jurisdiction over the Defendants appears to be that Plaintiff resided in New York during the relevant time period. While that may serve as a basis for jurisdiction over *plaintiff* and possibly the venue of

1

the action, it does nothing to establish why this Court should assert jurisdiction over *defendants*. In this regard, the Court can search the Amended Complaint with painstaking meticulousness and it will not find a single jurisdictional allegation relating to Defendants' relationship to New York.[1]

## LEGAL ARGUMENT

## STANDARD OF REVIEW

Plaintiff's opposition cites to numerous cases reflecting the standard of review of a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *See, Opposition Brief, Pg. 2.* As opposed to a 12(b)(6) motion where much deference is given to plaintiff and his allegations, on a 12(b)(2) motion, the plaintiff bears the burden of proving personal jurisdiction by a preponderance of the evidence. *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003); *Tannerite Sports, LLC v. NBCUniversal Media LLC*, 135 F. Supp. 3d. 219, 228 (S.D.N.Y. 2015). To meet this burden, the plaintiff must plead facts sufficient to establish a *prima facie* showing of jurisdiction. *Best Van Lines v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007); *Minnie Rose LLC v. Yu*, 169 F. Supp. 3d 504, 512 (S.D.N.Y. 2016). Thus, the Court must review Plaintiff's Amended Complaint closely to see if Plaintiff has met his burden of pleading facts to establish jurisdiction over the Defendants. Normally, when a defendant rebuts the plaintiff's unsupported allegations with direct, highly specific, testimonial evidence regarding a fact essential to jurisdiction, and the plaintiff does not counter that evidence, the allegation may be deemed refuted.[2] *Pablo Start Ltd. v. Welsh Gov't.,* 170 F.Supp. 3d 597, 605 (S.D.N.Y. 2016). But here, the Court need not even

---

[1] The Court will see two allegations establishing that Defendants **do not** reside in New York. *See,* Amended Complaint ¶¶ 12 and 13

[2] In deciding a motion to dismiss for lack of personal jurisdiction, the Court may rely upon materials that are outside the pleadings, including any affidavits submitted by the parties. *See Skrodzki v. Marcello*, 810 F. Supp. 2d 501, 507 (E.D.N.Y. 2011).

determine if Defendants have successfully rebutted alleged facts essential to jurisdiction because Plaintiff has not asserted any.

## POINT I

### PLAINTIFF HAS FAILED TO ASSERT ANY JURISDICTIONAL ALLEGATIONS AGAINST THE DEFENDANTS

Plaintiff's opposition continually cites to allegations regarding **his** connection to the State of New York. Indeed, for purposes of this motion Defendants do not dispute that Plaintiff resided in the State of New York and received all information regarding the position offered while he was present in the State of New York. *See,* ¶¶ 21, 26, 27 and 29 of Amended Complaint. Yet, Defendants can only assume that Plaintiff solely makes reference to his connection to New York because the Amended Complaint is bereft of any allegations regarding Defendants' connections to the State of New York.

In order to assert jurisdiction over the Defendants under New York's long-arm statute, a complaint must allege that the Defendants: (1) transacted any business within the state or contracts anywhere to supply goods or services in the state; or (2) committed a tortious act within the state . . .; or (3) committed a tortious act without the state causing injury to person or property within the state, . . . if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or (4) owns, uses or possesses any real property situated within the state. N.Y. C.P.L.R. § 302(a). Plaintiff's Amended Complaint has failed to make any allegations against Defendants that would satisfy any of the statutory requirements.

## A. This Court Does Not Have Jurisdiction Over The Individual Defendants

It is undisputed that the allegations in the Amended Complaint do not assert any jurisdictional allegations against the Individual Defendants. Each of the Individual Defendants submitted declarations accompanying the motion to dismiss which asserted that: (i) all of them reside in the State of Florida, (ii) none of them ever traveled to New York to meet with Plaintiff; (iii) all of them only corresponded with Plaintiff via either phone or e-mail (if at all) one or two times. *See,* Declarations of Gregory Brown, Robert Kling and Grisel Garcia Rodriguez, accompanying Defendants motion to dismiss.[3]

While Plaintiff's opposition alleges that jurisdiction may be based upon "sustained" communications into New York via phone or e-mail, there is no allegation in the Amended Complaint which remotely establishes "sustained" communications. *See,* Plaintiff's Opposition Brief, Pg. 7. The case cited by Plaintiff, *Fischbarg v. Doucet,* 9 N.Y.3d 375, N.Y.S.2d 501 (2007), for the proposition that "sustained" contacts could subject a party to jurisdiction in New York involved a situation where the defendants, over the course of approximately nine months, spoke with plaintiff by telephone at least twice per week (*e.g.* approximate 75 calls), sent at least 31 e-mails to plaintiff, and faxed materials to plaintiff at least three times. Clearly that is not the situation at bar where the total contacts with the Individual Defendants, according to the allegations in the Amended Complaint, can be counted on one hand.

As such, based upon the allegations in the Amended Complaint, Plaintiff has not remotely established by a preponderance of the evidence that this Court has jurisdiction over the Individual Defendants.

---

[3] All references to Declarations refer to the declarations accompanying the Motion to Dismiss unless otherwise noted.

4

### B. This Court Does Not Have Jurisdiction Over RCCL

#### i. Jurisdiction Under C.P.L.R. 302(a)(1)

To determine the existence of jurisdiction under Section 302(a)(1), the Court must decide: (1) whether the defendant transacts any business in New York and, if so, (2) whether the cause of action arises from the business that is transacted in New York. *Best Van Lines, Inc.*, 490 F.3d at 248. In order to demonstrate that a foreign defendant is transacting business in New York, the defendant must engage in some purposeful activities within the State that would justify bringing it before the New York courts. *SPCA of Upstate New York, Inc. v. American Working Collie Ass'n.*, 18 N.Y. 3d 400, 406 (2012). There is no precise test for transacting business in the state, and courts must look to the aggregate of the corporation's activities in the State. *See Klonis v. Nat. Bank of Greece, S.A.*, 492 F. Supp. 2d 293, 300 (S.D.N.Y. 2007). There are, however, several traditional factors that courts consider, including: whether the company has an office in the state, whether it has any bank accounts or other property in the state, whether it has a phone listing in the state, whether it does public relations work there, and whether it has individuals permanently located in the state to promote its interests. *Id.*

It is undisputed that Royal Caribbean Cruises Ltd. ("RCCL") is not incorporated in New York and it does not maintain its principal place of business in New York. *See,* Amended Complaint ¶¶ 12 and 13. Plaintiff cannot show that RCCL transacted any business in New York, and certainly no business in New York relating to these claims. As part of his opposition, Plaintiff had ample opportunity to assert allegations against RCCL which could establish that RCCL transacts business in the State of New York. Indeed, as set forth above, Plaintiff was free to submit evidence outside of the Amended Complaint to create some semblance that RCCL transacts business in the State of New York. Yet, a comparison of Plaintiff's original Complaint with his Amended Complaint shows that Plaintiff chose not to make a single allegation against

RCCL regarding its transaction of business in the State of New York. As set forth in Defendants' moving papers, RCCL, which is a publicly traded corporation organized under the laws of Liberia with its principal place of business in Florida:

- Does not have any facilities in New York;
- Does not have any offices in New York;
- Does not maintain any telephone listings in New York;
- Does not maintain any mailing addresses in New York;
- Does not own any property in New York;
- Does not rent any property in New York;
- Does not have any bank accounts in New York;
- Does not design any products in New York;
- Does not manufacture any goods in New York; and
- Does not sell any goods in New York;

*See* Hurtado Dec., ¶¶ 2-11.

Not only has Plaintiff not shown by a preponderance of the evidence that RCCL transacts business in New York, rather, Plaintiff has chosen to not even attempt to assert any allegations regarding RCCL's transaction of business in the State of New York. As such, Plaintiff is unable to establish the first prong of the test to satisfy New York's long-arm statute and establish jurisdiction for this court over RCCL.

Furthermore, Plaintiff's opposition completely ignores the fact that there was no intention for Plaintiff to ever be employed in the State of New York. As the proposed employment documents show, once hired, Plaintiff was to fly to Florida for rehearsal training. *See* Kling Dec., ¶ 10; Hurtado Dec., Ex. B. Following completion of rehearsal training, he was to be flown to

6

Alaska to board the Radiance of the Seas, to perform on the ship for a nine month period. *See* Kling Dec., ¶ 11. Plaintiff does not dispute these facts. At no time was it ever contemplated that Plaintiff was to be employed in the State of New York. *See* Hurtado Dec., Ex. A and B. Plaintiff mistakenly focuses solely on the fact that he resided in New York, as opposed to any connection the Defendants had to New York or that his proposed employment had to New York.

As set forth above and in Defendants' moving papers with regard to the lack of connection of the Individual Defendants to New York, it is well-established that simply engaging in phone conversations with a prospective employee in New York is woefully insufficient to establish jurisdiction over a non-domiciliary. *See, Three Five Compounds, Inc. v. Scram Techs. Inc.*, 2011 WL 5838697, at *14 (S.D.N.Y. Nov. 21, 2011) ("Telephone calls and correspondence sent into New York, by a non-domiciliary defendant who is outside New York, generally are insufficient to establish personal jurisdiction."); *Andy Stroud, Inc. v. Brown*, 2009 LEXIS 18725 at *8 (S.D.N.Y. Mar. 4, 2009) ("The mere existence of defendant's telephone conversations into New York are not sufficient to sustain New York long arm jurisdiction.") *Vista Food Exch., Inc. v. Champion Foodservice, L.L.C.*, 2014 LEXIS 108145, at *15 (S.D.N.Y. Aug. 4, 2014) ("Telephone calls and other communications to New York, standing on their own, however, do not necessarily confer jurisdiction.") Just as the Court cannot exercise jurisdiction over the Individual Defendants based upon the very limited communications with Plaintiff in New York, the Court cannot exercise jurisdiction over RCCL based upon the same limited communications from representatives of RCCL outside the State of New York. Accordingly, there is no basis to find that the Court has jurisdiction over RCCL under C.P.L.R. 302(a)(1) for Plaintiff's employment related claims.

### ii. Jurisdiction Under C.P.L.R. 302(a)(2)[4]

Under C.P.L.R. 302(a)(2), a New York court may exercise jurisdiction over a defendant that commits a tortious act in New York (except as to a cause of action for defamation) and the cause of action arises from that tortious act. As was set out in Defendants' moving papers, "Under element (2), the Long Arm statute reaches only tortious acts performed by a defendant who was **physically present** in New York when he performed the wrongful act." *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 28 (2d Cir. 1997) (emphasis added).

There is no allegation in the Amended Complaint that any alleged tortious act performed by Defendants is alleged to have occurred within New York, as none of the Individual Defendants or RCCL were ever physically present in the State of New York to perform such an act. Indeed, it would appear from the causes of action alleged that the only alleged tortious act would have been RCCL's decision to withdraw its offer of employment based upon Plaintiff's failure of his pre-employment physical. While Plaintiff may have failed the physical in New York, the tortious act alleged, the decision to withdraw the employment offer, undisputedly occurred in Florida. As such, Plaintiff cannot establish jurisdiction over RCCL under C.P.L.R. 302(a)(2).

### iii. Jurisdiction Under C.P.L.R. 302(a)(3)

CPLR 302(a)(3) allows a court in New York to exercise personal jurisdiction over an out-of-state defendant when the non-domiciliary commits a tortious act (except as to a cause of action for defamation) outside New York that causes injury to a person within New York, if the non-domiciliary: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in

---

[4] It appears that Plaintiff makes no argument for jurisdiction over Defendants under C.P.L.R. 302(a)(2), but Defendants will briefly address any potential claim to the extent Plaintiff continues to assert one.

8

the state; or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

While it appears at first blush that Plaintiff may be able to rely on C.P.L.R. 302(a)(3) to establish jurisdiction over RCCL, that notion is quickly belied by Plaintiff's complete failure to allege any facts establishing that RCCL regularly does or solicits business, or engages in any other persistent course of conduct in New York.

Plaintiff relies on the case of *Distefano v. Carozzi,* 286 F.3d 81 (2d Cir. 2001) for the proposition that when someone loses their job, the site where they lost their job is where jurisdiction should lie.  But in the case at bar, Plaintiff's theory is the exact opposite. Plaintiff asserts that where one resides is where jurisdiction should lie, not where a plaintiff was to be employed. In *Distefano*, the plaintiff resided in New Jersey and worked in New York, which allowed the Court to assert jurisdiction over defendant in New York. In the case at bar, Plaintiff resided in New York, but it is undisputed that Plaintiff was offered a job in Florida and then in the South Pacific. *See,* Kling Dec. ¶¶ 10 & 11; Hurtado Dec. Exs. A & B.  Unlike in *Distefano*, not only was Plaintiff not supposed to be employed in New York, he never actually worked for RCCL at all.  In fact, Plaintiff was never employed in New York or expected to perform any part of his job duties in New York.  Also unlike in *Distefano*, Plaintiff was never actually hired and therefore was never fired.  Plaintiff was offered conditional employment which never came to fruition.

Accordingly, there is no basis to find that the Court has jurisdiction over RCCL for Plaintiff's employment based claims under C.P.L.R. 302(a)(3).

9

## POINT II

## PLAINTIFF FAILS TO ESTABLISH THAT EXERCISING JURISDICTION OVER RCCL COMPORTS WITH DUE PROCESS

Even if the Court's exercise of personal jurisdiction could be found appropriate according to New York's long-arm jurisdiction provisions, the Court must next determine whether the Court's exercise of personal jurisdiction comports with the Due Process Clause of the United States Constitution. *Sonera Holding B.V.*, 750 F.3d 221, 224 (2014). The United States Supreme Court has clarified that under the Due Process Clause, a state cannot exercise jurisdiction over a foreign corporation unless that corporation's in-forum contacts are so continuous and systematic as to render the corporation essentially "at home" in the forum State. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011); *see also Daimler AG v. Bauman*, 134 S.Ct. 746, 760 (2014); *BNSF Railway Co., v. Tyrrell*, 137 S.Ct. 1549 (2017). Thus, for the Due Process analysis, "the inquiry under *Goodyear* is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." *Daimler*, 134 S.Ct. at 761. Only in an "exceptional case" will a corporation's operations in a forum that is not its place of incorporation or principal place of business be so substantial and of such a nature as to render the corporation "at home" in the state. *Id.*; *see also Sonera Holding B.V.*, 750 F.3d at 221 (applying "at home" analysis under New York law); *Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792 (2015) (same).

As discussed in Defendants' moving papers, the requisite "minimum contacts" analysis "overlaps significantly" with New York's § 302(a)(1) inquiry into whether a defendant transacted business in the State. *Brown v. Web.com Group, Inc.,* 57 F. Supp. 3d 345, 358 (S.D.N.Y.2014). Accordingly, the same facts needed to support jurisdiction under § 302(a)(1), are needed to

satisfy the minimum contacts requirement of due process. *Id.* It is clear from Plaintiff's opposition that he cannot carry his burden in this regard. This becomes unmistakable when Plaintiff's brief is examined and it is exposed that not a single reference to an allegation in Plaintiff's Amended Complaint is made with regard to comporting with the principles of due process. *See,* Plaintiff's Brief in Opposition, Pgs. 9 – 12. The reason is obvious. There is no allegation in Plaintiff's Amended Complaint as to RCCL's contacts with New York. Without the necessary allegations, the Court cannot exercise personal jurisdiction over RCCL.

## POINT III

### JURISDICTIONAL DISCOVERY IS NOT APPROPRIATE WHERE NO FOUNDATION FOR JURISDICTION HAS BEEN LAID

District courts have broad discretion to decide whether to allow jurisdictional discovery and, if so, to what extent. *Frontera Res. Azerbaijan Corp. v. State Oil Co. of the Azerbaijan Republic*, 582 F.3d 393, 401 (2d Cir. 2009); *Lehigh Valley Inds.. Inc. v. Birenbaum*, 527 F.2d 87, 93 (2d Cir. 1975). A district court is "typically within [its] discretion to deny jurisdictional discovery when the plaintiff [has] not made out a *prima facie* case for jurisdiction." *Frontera*, 582 F.3d at 401 (internal quotations omitted); *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 186 (2d Cir. 1998) (district court did not err in denying jurisdictional discovery because the plaintiff failed to establish a *prima facie* case of jurisdiction); *Tese-Milner v. De Beers Centenary A.G.*, 613 F. Supp. 2d 404, 417 (S.D.N.Y. 2009). "While discovery on the jurisdictional question is sometimes appropriate when there is a motion to dismiss for lack of jurisdiction, plaintiff must first make a threshold showing that there is some basis for the assertion of jurisdiction." *Daval Steel Prods. v. M.V. Juraj Dalmatinac*, 718 F. Supp. 159, 162 (S.D.N.Y. 1989). To be granted the opportunity for jurisdictional discovery, a plaintiff "must, at the least, allege facts that would support a colorable claim of jurisdiction." *Id*. (citing *Lehigh Valley Industries, Inc. v. Birenbaum*,

11

527 F.2d at 93-94). "The mere commencement of a lawsuit, without the support of a threshold showing of jurisdictional prerequisites, should not entitle the party to use the court processes to attempt to find support for having commenced the litigation." *Id.* at 162; *see also, Del Medical Imaging Corp. v. CR Tech USA, Inc.*, 2010 U.S. Dist. LEXIS 36415, at *8 (S.D.N.Y. Apr. 13, 2010) (denying jurisdictional discovery where plaintiff "failed to allege any facts that could lead this Court to exercise personal jurisdiction over [defendant] and ... failed to point to any relevant information that it hopes to obtain in discovery ....").

While Plaintiff argues that he should be permitted additional discovery ostensibly because, "In this case, nearly all of the information necessary to establish jurisdiction is squarely in the hands of Defendants", Plaintiff does not bother to advise the Court to what information he is referring that would confer jurisdiction over the Defendants. *See,* Plaintiff's Opposition Brief, Pgs. 11-12. Plaintiff asks for discovery to further establish its jurisdictional allegations against all Defendants, but does not point to any particular information it hopes to obtain or how it hopes to obtain it.

In essence, Plaintiff lists a page of legal string cites where courts have permitted jurisdictional discovery without even attempting to explain what information he would need and how it would confer jurisdiction in this matter. Without any further information, the Court is simply left with the allegations in the Amended Complaint which are devoid of any basis to confer jurisdiction. As such, the Court must deny Plaintiff's request for jurisdictional discovery.

### POINT IV

### IN THE ALTERNATIVE, CONVENIENCE AND JUSTICE DICTATE THAT THIS MATTER SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF FLORIDA

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought." 28 U.S.C. § 1404(a). "The purpose of § 1404(a) is 'to prevent waste of "time, energy and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *In re Stillwater Min. Co. Sec. Litig.*, 2003 WL 21087953, at *2 (S.D.N.Y. May 12, 2003) (internal citations and quotations omitted.)

In deciding a § 1404(a) motion to transfer, the first question a court must ask is whether the case could have been brought in the proposed transferee district. *See Herbert Ltd. P'ship v. Elec. Arts Inc.*, 325 F. Supp. 2d 282, 285 (S.D.N.Y. 2004). Plaintiff does not challenge that this action could have been brought in the Southern District of Florida.

Not unlike the jurisdictional issue, in attempting to establish the appropriate venue, Plaintiff once again relies solely on his allegations that he resided in New York. Yet, Plaintiff's residence is not the sole factor involved. Indeed, Plaintiff's opposition does not challenge the fact that every other conceivable witness is located in the Southern District of Florida. Likewise, while Plaintiff completely ignores the fact that he was never engaged to perform any services in the State of New York, this issue is significant to multiple factors of the analysis, including, the convenience of the witnesses, the convenience of the parties, the location of documents and sources of proof, and ultimately, the interests of justice. This is not simply an issue of shifting the convenience of one party for another; this is shifting the convenience of every party and witness to a location where Plaintiff agreed to travel and commence his employment. While Defendants appreciate that the forum chosen by Plaintiff is entitled to deference, it is not the only factor to be examined. As such, if the Court does not dismiss the action on jurisdictional grounds, there should be no doubt that this matter should be litigated in the Southern District of Florida.

## CONCLUSION

For all of the foregoing reasons, it is respectfully submitted that Defendants' Motion to Dismiss should be granted in its entirety and the Amended Complaint in this matter be dismissed with prejudice, or in the alternative, the matter be transferred to the District Court for the Southern District of Florida.

Dated: December 21, 2020

                                              Respectfully submitted,

                                              **OGLETREE, DEAKINS, NASH,**
                                              **SMOAK & STEWART, P.C.**

                                              /s/ Steven J. Luckner
                                              Steven J. Luckner, Esq.

45336113.1